Matthew Storman Pro Se
1601 E. Ruddock St.
Covina, CA 91724
Phone: 626-833-6327
Email admin@romuniverse.com

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

NINTENDO OF AMERICA INC,
a Washington corporation
 Plaintiff

vs.

MATTHEW STORMAN,
an individual,
Defendant

Case No.:  2:19-CV-07818 CBM(RA0x)
**MEMORANDUM IN SUPPORT OF
PRETRIAL MOTION TO DISMISS**

## I.    SUMMARY

Plaintiff has filed suit against Matthew Storman, Service Provider (SP) of websites ndsuniverse.com and romuniverse.com for Copyright Infringement, Trademark Infringement and Unfair Competition.  Plaintiff's claims are solely based on digital material on these websites. 17 U.S. Code § 512 provides SP with liability protection and limits relief for the Plaintiff to only injunctive relief.  The plaintiff has previously recognized Defendant's right to infringement liability protections under DMCA (codified 17 U.S. Code § 512). Furthermore, the copies and trademarks on the websites were previously sold by the Plaintiff and under the First Sale Doctrine, the plaintiff has no rights to these copies or trademarks. Competition cannot be unfair since the copies have already been sold by the Plaintiff to owners and under the First Sale Doctrine the owners may dispose of the copies as they see fit. The Defendant is not selling the copies or trademarks.

The defendant prays the court to Dismiss the suit based on legal, procedural, and common law considerations or Sua Sponte.


## II.    FACTS/DEFENSES IN SUPPORT OF MOTION TO DISMISS.

Plaintiff has been in communication with Service Provider (SP[1]) admin@romuniverse.com[11] of the websites ndsuniverse.com, and romuniverse.com for years.


## III.  DEFENDANT LIABILITY PROTECTION

The Digital Millennium Copyright Act (DMCA[2]) codified as 17 U.S. Code § 512 protects SPs from liability when potentially infringing material is on websites. DMCA is also known as Ocilla, Safe Harbor, etc.

Essential to protection are[2]:

a. Providing copyright owners inspection access to websites, and

b. Requires owners to properly request the removal of material if the owner has a good faith belief it is infringing

c. The request for removal must be proper[9].

d. The material is removed.

Plaintiff has recognized Defendants rights under DMCA by sending requests[11] to remove potentially infringing material from Website. These requests were honored by Defendant

## IV.   COPY OWNERSHIP

Copies on a website of potentially infringing materials may be owned by "persons" who legally acquired a copy, multiple copies, or collections of the Copyrighted material [5] (known as First Sale Doctrine).  The copies do not belong to the plaintiff.

These (First sale doctrine[5]) copies may be sold, destroyed, lost, or given away for free by the owner.  The number of copies not owned by the plaintiff is equal at least to the number of copies sold or given away by the Plaintiff, his distributors, or suppliers. The first sale or exhaustion doctrines also apply to trade marks[8] . There are other copies that may not be infringing[2,3] including fair use, expired, uses for education, research, storage, lost, damaged, exemptions from anti-circumvention, and those beyond a statute of limitations, etc.

The Plaintiff has not properly requested any of the copies referred to in the complaints be properly removed as is required under DMCA[9].  Especially regarding specificity, timeliness and penalty of perjury.

Basis of Plaintiff's complaints is only the digital content of websites.

# V.   PLAINTIFF FAILURES

Plaintiff's complaint obfuscates and makes no mention of the DMCA,

Plaintiff's complaints offer no claim or proof of ownership of the copies on the

websites.

Plaintiff offers no complete and full description of Copyright Registrations content

necessary for bringing complaint[7]

Plaintiff offers no accurate and complete description of copy contents for defense.

Plaintiff may have violated Copyright Law by not fully and completely describing

the contents of Copyright and copies.

Copy right law is inadequate as a means of protecting digital matter, as it does not

depict the contents of the digital material to the human senses.

Plaintiff fails to disclose where the original copyrights are registered.  It is unclear

where the copyrights originated or are based in Japan, or Germany or USA.


# VI.   BASIS OF MOTION TO DISMISS

**F.R.C.P 12**

(1) lack of subject-matter jurisdiction; The court does not have jurisdiction over

this matter because of liability immunity and proof ownership of copies has not

been claimed. Plaintiff is a Japanese or German Company.

(2)  lack of personal jurisdiction; Defendant is not an individual (Matthew

Storman) but rather an SP (admin@romuniverse.com) who is not part of the

required forum.  The court does not have personal jurisdiction because SP is

protected under DMCA, and potential involvement of international actors. The

Plaintiff is a German company.  Plaintiff may have violated Defendant's privacy

rights or by using unlawful means.

(3) improper venue; Owners of copies may be international; the Plaintiff is a German or Japanese company.

(4) insufficient process; Process is insufficient because it not based on DMCA violations.

(5) insufficient service of process; service is insufficient because it does not timely serve, essential actors, such as owners of copies, suppliers, distributors, and copyright owners.

(6) failure to state a claim upon which relief can be granted. Complaints do not include any required DMCA violation, or ownership of copies. Fails to identify essential owners of copies.; and

(7) failure to join a party under Rule 19. The plaintiff has failed to join the true and essential owners of the copies known only to Plaintiff, or unknown

## VII.     EXHAUSTION NON-JUDICIAL REMEDIES.[9]

DMCA provides the Plaintiff with administrative(non-judicial) processes[9] to have SP remove potentially infringing copies and obtain injunctive relief for the Plaintiff.   The Plaintiff is in effect asking the court to do what the Plaintiff can do non-judicially and thereby causing unnecessary expenditure of time and resource of the court, the defendant, and the Plaintiff.  Troubling is the fact the Plaintiff has previously and successfully requested[9]  the SP remove website copies and SP complied.

 The arrangement in these previous communications are an implied contract that any copies challenged by Plaintiff will not result in further legal action.  Quote from Plaintiff [11]

   "*Therefore I request you to take immediate action to remove or disable access to unauthorised copies of the Nintendo Game listed at the URLs below and in order to prevent further legal actions against your company*."  This also implies copies

not challenged by the Plaintiff are permitted on the website until challenged by the Plaintiff.

The Plaintiff receives unpaid advertising on the websites in return.

Due Process – basic fairness. It is unfair for Plaintiff to not adhere to DMCA protections for defendant.

## VIII.        ARGUMENT

1.       DMCA is an integral part of Copyright Law and covers digital material on websites and therefore must be adhered to in any copyright complaint - the Plaintiff has not. The First Sale Doctrine permits non-copyright or trademark owner to dispose of their copies as they see fit. The Plaintiff does not own copies on websites.

2.       Since DMCA protects SP from any liability, and only limits Plaintiff to only injunctive relief, the Plaintiff complaints are without basis and potentially an abuse of process.

3.       Plaintiff's Complaints are a direct violation of DMCA, in that each of the complaints are based on liability protected material in the ndsuniverse.com and romuniverse.com websites.

4.       Furthermore, the Plaintiff has not offered any proof, that the copies in the websites are the property of the Plaintiff. There are no serial numbers, dates, origin, etc. and who owns the copy. The plaintiff sells, donates, gives away, copies of the copy righted material to copy owners.  A non-Plaintiff copy owner has the right to sell, destroy, or give away copies. The owner may own several copies, or

collections. Furthermore, use of a copy is permissible for education, research, reverse engineering, and other purposes.

5.     Plaintiff has not properly requested, as required under DMCA, that copies in complaint be removed from websites. The Plaintiff has not met the requirements of DMCA; therefore, complaints are baseless or premature at best.

6.     Cease and Desist. The plaintiff did not send Cease and Desist notices to Defendant; therefore, the defendant did not know of infringement prior to complaints.

7.     Since, the Plaintiff is not the owner of the copies, the plaintiff is a third party to the action and has no standing to bring the action[10].

8.     Since, Plaintiff previous contacts were from Germany, and the copies do not belong to Plaintiff,  there are  issues of ownership,  insufficient process, insufficient service, subject matter jurisdiction, personal jurisdiction, not joining essential copy owners, and plaintiff's unfounded complaints makes it impossible for defendant to defend.

MEMORANDUM IN SUPPORT OF MOTION TO DISMISS

1

## CONCLUSION

2

3    For the reasons stated above, the Defendants Motion should be granted

4

5    DATED:  10/21/2019

6

7    _Matthew Craes Storman_

8    _____

     Matthew Storman
9    160 E. Ruddock St
     Covina, CA 91724
10   In Pro Se

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

MEMORANDUM IN SUPPORT OF MOTION TO DISMISS

**REFERENCES**

**1**.      The term "Service Provider" (SP) includes Online Service Provider (OSP) and Internet Service Provider (ISP).

**2**.      The **Digital Millennium Copyright Act** (**DMCA**) Title II, the Online Copyright Infringement Liability Limitation Act ("OCILLA"), creates a safe harbor for online service providers (OSPs, including ISPs) against copyright infringement liability, provided they meet specific requirements.[4] OSPs must adhere to and qualify for certain prescribed safe harbor guidelines and promptly block access to alleged infringing material (or remove such material from their systems) when they receive notification of an infringement claim from a copyright holder or the copyright holder's agent. OCILLA also includes a counternotification provision that offers OSPs a safe harbor from liability to their users when users claim that the material in question is not, in fact, infringing. OCILLA also facilitates issuing of subpoenas against OSPs to provide their users' identity. Codified in 17 U.S. Code § 512. Limitations on liability relating to material online

(a)Transitory Digital Network Communications.—**A service provider shall not be liable for monetary relief**, or, except as provided in subsection (j), for injunctive or other equitable relief, for infringement of copyright by reason of the provider's transmitting, routing, or providing connections for, material through a system or network controlled or operated by or for the service provider, or by reason of the intermediate and transient storage of that material in the course of such transmitting, routing, or providing connections, if—

(1) the transmission of the material was initiated by or at the direction of a person other than the service provider;

(2) the transmission, routing, provision of connections, or storage is carried out through an automatic technical process without selection of the material by the service provider;

(3) the service provider does not select the recipients of the material except as an automatic response to the request of another person;

(4) no copy of the material made by the service provider in the course of such intermediate or transient storage is maintained on the system or network in a manner ordinarily accessible to anyone other than anticipated recipients, and no such copy is maintained on the system or network in a manner ordinarily accessible to such anticipated recipients for a longer period than is reasonably necessary for the transmission, routing, or provision of connections; and

(5) the material is transmitted through the system or network without modification of its content.

**3**.      17 U.S. Code §101 - §122, Limitations on exclusive rights including § 1201 Permissible uses


4.      Cullins, Ashley Music Industry A-Listers Call on Congress to Reform Copyright Act *Hollywood Reporter*. April 5, 2016


**5.**      17 U.S. Code § 109. Limitations on exclusive rights: Effect of transfer of particular copy or phonorecord

 (a) Notwithstanding the provisions of section 106(3), the owner of a particular copy or phonorecord lawfully made under this title, or any person authorized by such owner, is entitled, without the authority of the copyright owner, to sell or otherwise dispose of the possession of that copy or phonorecord.


6.      US S.C *Reed Elsevier v. Muchnick*, Slip. Op., 559 U.S. ___ (March 2, 2010)

**7**.     Section 411(a) of the Copyright Act (at 17 U.S.C. 411(a)) provides, among other things, that "no civil action for infringement of the copyright in any United States work shall be instituted until . . . registration of the copyright claim has been made in accordance with this title." [6]

**8**.     Polymer Technology Corporation, Plaintiff-appellant, v. Emile Mimran, **-975 F.2d 58 (2d Cir. 1992)**

As a general rule, trademark law[8]  does not reach the sale of genuine goods bearing a true mark even though the sale is not authorized by the mark owner. NEC Electronics v. Cal Circuit Abco, 810 F.2d 1506, 1509 (9th Cir.), cert. denied, 484 U.S. 851, 108 S. Ct. 152, 98 L. Ed. 2d 108 (1987). Thus, a distributor who resells trademarked goods without change is not liable for trademark infringement. See 2 J. Thomas McCarthy, Trademarks and Unfair Competition, § 25:11 (2d ed. 1984) (citing Prestonettes, Inc. v. Coty, 264 U.S. 359, 44 S. Ct. 350, 68 L. Ed. 731 (1924) and Champion Spark Plug Co. v. Sanders, 331 U.S. 125, 67 S. Ct. 1136, 91 L. Ed. 1386 (1947)). In addition, even repackaging of goods is not trademark infringement if it does not deceive the public or damage the mark owner's goodwill. See Prestonettes, 264 U.S. at 368, 44 S. Ct. at 351 (sale of repackaged cosmetics permitted provided statement disclosing origin is enclosed); Champion, 331 U.S. at 130, 67 S. Ct. at 1139 (sale of reconditioned spark plugs under original name permitted provided full disclosure made).

MEMORANDUM IN SUPPORT OF MOTION TO DISMISS

**9.**     17 U.S. Code § 512.(c)(3)Elements of notification.—

(A) To be effective under this subsection, a notification of claimed infringement must be a written communication provided to the designated agent of a service provider that includes substantially the following:

(i) A physical or electronic signature of a person authorized to act on behalf of the owner of an exclusive right that is allegedly infringed.

(ii) Identification of the copyrighted work claimed to have been infringed, or, if multiple copyrighted works at a single online site are covered by a single notification, a representative list of such works at that site.

(iii) Identification of the material that is claimed to be infringing or to be the subject of infringing activity and that is to be removed or access to which is to be disabled, and information reasonably sufficient to permit the service provider to locate the material.

(iv) Information reasonably sufficient to permit the service provider to contact the complaining party, such as an address, telephone number, and, if available, an electronic mail address at which the complaining party may be contacted.

(v) A statement that the complaining party has a good faith belief that use of the material in the manner complained of is not authorized by the copyright owner, its agent, or the law.

(vi) A statement that the information in the notification is accurate, and under penalty of perjury, that the complaining party is authorized to act on behalf of the owner of an exclusive right that is allegedly infringed.

(B)

(i) Subject to clause (ii), a notification from a copyright owner or from a person authorized to act on behalf of the copyright owner that fails to comply substantially with the provisions of subparagraph (A) shall not be considered under paragraph (1)(A) in determining whether a service provider has actual

knowledge or is aware of facts or circumstances from which infringing activity is apparent.

(ii) In a case in which the notification that is provided to the service provider's designated agent fails to comply substantially with all the provisions of subparagraph (A) but substantially complies with clauses (ii), (iii), and (iv) of subparagraph (A), clause (i) of this subparagraph applies only if the service provider promptly attempts to contact the person making the notification or takes other reasonable steps to assist in the receipt of notification that substantially complies with all the provisions of subparagraph (A).

10. *Warth v. Seldin*, 422 U.S. 490 (1975), was a United States Supreme Court case in which the Court reviewed the concept of judicial standing and affirmed that if the plaintiffs lacked standing, they could not maintain a case against the defendants. The Court found that as none of the plaintiffs could demonstrate any injury actually done to them by the defendants, the plaintiffs were third parties to the issue and had no standing to sue

11. **Example email from German Plaintiff - take down notice.**

Take-down notice due to copyright infringement: Super Mario Odyssey (Switch)

Friday, November 09, 2018 06:35 PST

DMCA-notice@bertelsmann.de

To admin@romuniverse.com abuse@enom.com support@gumroad.com

Dear Sir or Madam,

we have detected unauthorised copies of the video game "Super Mario Odyssey (Switch)" (the "Nintendo Game") hosted on your servers. The urls concerned are listed below.

The copyright and other intellectual property rights in the Nintendo Game are owned and/or controlled by Nintendo Co., Ltd. ("Nintendo") for the world and any unauthorised use, including but not limited to any unauthorised copying or communication to the public of the Nintendo Game is therefore an infringement of copyright and/or other intellectual property rights. I declare under penalty of perjury that this notice is true and correct, that I am authorized to act on behalf of the intellectual property rights owner Nintendo and that I have good faith and reasonable belief that neither Nintendo nor any licensee of Nintendo has authorised you or any other third party to copy or communicate the Nintendo Game to the public in the manner described in this notice. I therefore have good faith belief that use of the material in the manner complained of is not authorized by the copyright owner, its agent, or the law.

Therefore I request you to take immediate action to remove or disable access to unauthorised copies of the Nintendo Game listed at the URLs below and in order to prevent further legal actions against your company.

linked from romuniverse.com:

linked from https://www.romuniverse.com/download/84925/super-mario-odyssey-all-en-fr-de-es-it-nl-ru-ja-bigbluebox

1.

https://regular.romuniverse.com/roms/nintendoswitch/Super%20Mario%20Odyssey%20(All)%20(En,%20Fr,%20De,%20Es,%20It,%20Nl,%20Ru,%20J

linked from https://www.romuniverse.com/download/85235/super-mario-odyssey-v001-jpn-en-ja-fr-ge-es-it-nl-ru-jrp

1.

https://regular.romuniverse.com/roms/nintendoswitch/Super%20Mario%20Odyssey%20v001%20(JPN)%20(En,%20Ja,%20Fr,%20Ge,%20Es,%20It,%2

MEMORANDUM IN SUPPORT OF MOTION TO DISMISS

linked from https://www.romuniverse.com/download/85291/0277-super-mario-odyssey-world-en-ja-fr-de-es-it-nl-ru-rev-1-trimmed

1. https://regular.romuniverse.com/roms/nintendoswitchtrimmed/0277%20-%20Super%20Mario%20Odyssey%20(World)%20(En,Ja,Fr,De,Es,It,Nl,Ru)%20(Rev%201)%20[Trimmed].xci

linked from https://www.romuniverse.com/download/85530/0038-super-mario-odyssey-world-en-ja-fr-de-es-it-nl-ru-trimmed

1. https://regular.romuniverse.com/roms/nintendoswitchtrimmed/0038%20-%20Super%20Mario%20Odyssey%20(World)%20(En,Ja,Fr,De,Es,It,Nl,Ru)%20[Trimmed].xci

Best regards,

Thorsten Johanntoberens

Director IT & Development | mbargo servies

---------------------------------------

Sonopress GmbH

Carl-Bertelsmann-Str. 161 F

33332 Gütersloh

Germany

Phone: +49 (0) 5241 80-42457

E-Mail: thorsten.johanntoberens@bertelsmann.de

www.sonopress.de

----------------------------------------------------------------------------------------------------

---------------------------------------------------

Sitz Gütersloh | Amtsgericht Gütersloh HRB 2034 | Geschäftsführer Sven Deutschmann, Jörg Dickenhorst

----------------------------------------------------------------------------------------------------

---------------------------------------------------

Diese E-Mail und eventuelle Anlagen können vertrauliche und/oder rechtlich geschützte Informationen enthalten. Wenn Sie nicht der richtige Adressat sind oder diese E-Mail irrtümlich erhalten haben, informieren Sie bitte sofort den Absender und vernichten Sie diese E-Mail. Das unerlaubte Kopieren sowie die unbefugte Weitergabe dieser E-Mail sind nicht gestattet.

----------------------------------------------------------------------------------------------------------------

Registered Office Gütersloh | District Court Gütersloh Commercial Registry 2034 | Managing Director Sven Deutschmann, Jörg Dickenhorst

----------------------------------------------------------------------------------------------------------------

This e-mail and any attachments may contain confidential and/or privileged information. If you are not the intended recipient (or have received this e-mail in error) please notify the sender immediately and destroy this e-mail. Any unauthorized copying, disclosure or distribution of the material in this e-mail is forbidden.

----------------------------------------------------------------------------------------------------------------

Bitte denken Sie über Ihre Verantwortung gegenüber der Umwelt nach, bevor Sie diese E-Mail ausdrucken.

Please consider the environment before printing this mail.

thorsten.johanntoberens@bertelsmann.de

phone: +49 (0) 52 41 - 80-42457