# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Nintendo of America, Inc., <br>     Plaintiff, <br> v. <br> Matthew Storman, <br>     Defendant. | Case No.: CV 19-7818-CBM-RAO(x) <br><br> **ORDER RE: DEFENDANT'S PRETRIAL MOTION TO DISMISS** |

The matter before the Court is Defendant Matthew Storman's "Pretrial Motion to Dismiss." (Dkt. No. 25.)

## I.    BACKGROUND

This action arises from Defendant's alleged copying, distribution, reproduction, and offering of copies of Plaintiff's copyrighted video games through a website owned and operated by Defendant. Plaintiff Nintendo of America Inc.'s ("Plaintiff's") Complaint asserts three causes of action: (1) copyright infringement, 17 U.S.C. § 501; (2) federal trademark infringement and unfair competition, 15 U.S.C. §§ 1114, 1125(a); and (3) Unfair Competition, Cal. Bus. & Prof. Code § 17200. Defendant moves to dismiss the Complaint for failure to state a claim, lack of personal and subject matter jurisdiction, improper venue, insufficient service of process, and failure to join a party.

## II. STATEMENT OF THE LAW

### A. Failure To State a Claim

A court may dismiss a complaint for "failure to state a claim upon which relief can be granted" pursuant to Federal Rule of Civil Procedure 12(b)(6). Dismissal of a complaint pursuant to Rule 12(b)(6) can be based on either a lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). To survive a Rule 12(b)(6) motion to dismiss, the complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 663, (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A formulaic recitation of the elements of a cause of action will not suffice and factual allegations "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. The court accept as true all well-pleaded allegations of material fact and construes them in a light most favorable to the non-moving party. *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031–32 (9th Cir. 2008).

### B. Personal Jurisdiction

Federal Rule of Civil Procedure 12(b)(2) allows a court to dismiss a complaint for lack of personal jurisdiction. "For a court to exercise personal jurisdiction over a nonresident defendant, that defendant must have at least 'minimum contacts' with the relevant forum such that the exercise of jurisdiction 'does not offend traditional notions of fair play and substantial justice.'" *Schwarzenegger*, 374 F.3d at 801 (quoting *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945) (internal quotation marks omitted)); *see also Walden v. Fiore*, 134 S.Ct. 1115, 1121 (2014). "Where a defendant moves to dismiss a complaint for lack of personal jurisdiction, the plaintiff bears the burden of demonstrating that jurisdiction is appropriate." *Id.* at 800. To show personal jurisdiction, "[t]he

plaintiff need only make a prima facie showing of jurisdictional facts." *Id.* The plaintiff cannot "simply rest on the bare allegations of its complaint," but uncontroverted allegations in the complaint will be taken as true. *Id.*

### C. Subject Matter Jurisdiction

On a Rule 12(b)(1) motion to dismiss for lack of subject matter jurisdiction, the party asserting jurisdiction bears the burden of proof jurisdiction exists. *Sopak v. Northern Mountain Helicopter Serv.*, 52 F.3d 817, 818 (9th Cir. 1995). Where the Rule 12(b)(1) motion attacks the complaint on its face, the court considers the complaint's allegations to be true, and draws all reasonable inferences in the plaintiff's favor. *Doe v. Holy See*, 557 F.3d 1066, 1073 (9th Cir. 2009) (citation omitted). Where the Rule 12(b)(1) motion challenges the substance of jurisdictional allegations, the court does not presume the factual allegations to be true, and may consider evidence such as affidavits and testimony to resolve factual disputes regarding jurisdiction. *McCarthy v. United States*, 850 F.2d 558, 560 (9th Cir. 1988).

### D. Improper Venue

A defendant may move to dismiss a complaint based on improper venue. Fed. R. Civ. P. 12(b)(3). On a Rule 12(b)(3) motion to dismiss, "the pleadings need not be accepted as true, and the court may consider facts outside of the pleadings." *Murphy v. Schneider Nat'l, Inc.*, 362 F.3d 1133, 1137 (9th Cir. 2004) (citations omitted). Plaintiff bears the burden of showing that venue is proper. *See Piedmont Label Co. v. Sun Garden Packing Co.*, 598 F.2d 491, 496 (9th Cir. 1979). "Whether venue is 'wrong' or 'improper' depends exclusively on whether the court in which the case was brought satisfies the requirements of federal venue laws." *Atl. Marine Const. Co. v. U.S. Dist. Court for W. Dist. of Texas*, 571 U.S. 49, 55 (2013). Therefore, "[t]his question—whether venue is 'wrong' or 'improper'—is generally governed by 28 U.S.C. § 1391." *Id.*; *see also* 28 U.S.C. § 1391(a).

E. **Insufficient Service of Process**

A Rule 12(b)(5) motion is the proper vehicle for challenging "insufficient service of process." Fed. R. Civ. Proc. 12(b)(5). Service of process is a prerequisite for personal jurisdiction over a defendant. *See Jackson v. Hayakawa*, 682 F.2d 1344, 1347 (9th Cir. 1982). "Neither actual notice, nor simply naming the person in the caption of the complaint, will subject defendants to personal jurisdiction if service was not made in substantial compliance with Rule 4." *Id.* at 1347 (internal citations omitted). "Once service is challenged, [Plaintiff] bear[s] the burden of establishing that service was valid." *Brockmeyer v. May*, 383 F.3d 798, 801 (9th Cir. 2004).

F. **Failure To Join an Indispensable Party**

Federal Rule of Civil Procedure 12(b)(7) permits a party to file a motion to dismiss for failure to join a party as required under Rule 19.[1] If "a person who is required to be joined if feasible cannot be joined, the court must determine whether, in equity and good conscience, the action should proceed among the existing parties or should be dismissed." Fed. R. Civ. Proc. 19(b).

## III. DISCUSSION

A. **Failure To State a Claim**

To state a claim for copyright infringement, Plaintiff must plausibly allege

---

[1] Rule 19(a) provides:
> A person who is subject to service of process and whose joinder will not deprive the court of subject-matter jurisdiction must be joined as a party if:
> (A) in that person's absence, the court cannot accord complete relief among existing parties; or
> (B) that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may:
>> (i) as a practical matter impair or impede the person's ability to protect the interest; or
>> (ii) leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest.

Fed. R. Civ. Proc. 19(a)(1).

two elements: (1) that [it] owns a valid copyright in [the Subject Work], and (2) that [Defendant] copied protected aspects of [the Subject Work]'s expression."[2] *Malibu Textiles, Inc. v. Label Lane Int'l, Inc.*, 922 F.3d 946, 951 (9th Cir. 2019) (citing *Rentmeester v. Nike, Inc.*, 883 F.3d 1111, 1117 (9th Cir. 2018)). Defendant argues Plaintiff has not adequately pled the first element re: ownership because the Complaint does not allege "ownership of copies" and "[f]ails to identify essential owners of copies." However, the Complaint adequately alleges ownership by alleging Plaintiff holds registered copyrights for the subject works and identifying the copyright registration number and date for those works. (*See* Compl. ¶¶ 17, 41; *id.* Ex. A.) *See Roney v. Miller*, 705 F. App'x 670 (9th Cir. 2017). Moreover, Plaintiff has sufficiently alleged ownership of the copies of the copyrighted works by alleging Plaintiff holds registered copyrights for the original works that were copied. *See* 17 U.S.C. § 106(1)-(2) (the owner of copyright "has the exclusive rights to . . . reproduce the copyrighted work in copies [and] to prepare derivative works based upon the copyrighted work").

Defendant also argues the Complaint fails to state a claim for copyright infringement because the Complaint does "not include any required DMCA [Digital Millennium Copyright Act] violation" since Defendant is a service provider and therefore immune from liability pursuant to the DMCA's safe harbor provisions. The DMCA's safe harbors provide protection for service providers from liability for copyright infringement for: (1) transitory digital network communications; (2) system caching; (3) information residing on systems or networks at the direction of users; and (4) information location tools. 17 U.S.C. § 512; *Ellison v. Robertson*, 357 F.3d 1072, 1076–77 (9th Cir. 2004). The DMCA's

---

[2] Defendant does not contend Plaintiff fails to adequately allege the second element for copyright infringement regarding copying protected aspects of the works' expression, and the Court finds the Complaint states sufficient facts as to that element. (*See* Compl. ¶¶ 28, 42-43.) *See Roney*, 705 F. App'x at 670; *Atari Games Corp. v. Nintendo of Am. Inc.*, 975 F.2d 832, 840–41 (Fed. Cir. 1992).

safe harbors are affirmative defenses[3] and not relevant to whether Plaintiff has adequately pled a claim for copyright infringement.  Moreover, the DMCA defines a service provider as "an entity offering the transmission, routing, or providing of connections for digital online communications, between or among points specified by a user, of material of the user's choosing, without modification to the content of the material as sent or received." 17 U.S.C. § 512(k). Furthermore, the DMCA's safe harbors for protection from liability for copyright infringement only apply if the service provider "has adopted and reasonably implemented, and informs subscribers and account holders of the service provider's system or network of, a policy that provides for the termination in appropriate circumstances of subscribers and account holders of the service provider's system or network who are repeat infringers;" and "accommodates and does not interfere with standard technical measures." 17 U.S.C. § 512(i). Therefore, the Court would be required to look beyond the pleadings to determine whether Defendant is a service provider who satisfies the statutory requirements for protection pursuant to the DMCA's safe harbors, which is improper on a Rule 12(b)(6) motion to dismiss. *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007).[4]

Accordingly, the Court denies Defendant's motion to dismiss for failure to state a claim pursuant to Rule 12(b)(6).[5]

**B.     Personal Jurisdiction**

Defendant argues this Court lacks personal jurisdiction over Defendant because: (1) he "not an individual . . . but rather an SP [Service Provider] . . . who is not part of the required forum"; (2) "SP is protected under DMCA, and potential

---

[3] *See Columbia Pictures Indus., Inc. v. Fung*, 710 F.3d 1020, 1039 (9th Cir. 2013).
[4] *See, e.g., Branca v. Mann*, 2011 WL 13218028, at *2 (C.D. Cal. Apr. 19, 2011); *Williams v. Scribd, Inc.*, 2010 WL 10090006, at *4 (S.D. Cal. June 23, 2010).
[5] Defendant does not argue Plaintiff fails to state a claim for trademark infringement or unfair competition.

involvement of international actors" such as Plaintiff who is a German company; and (3) "Plaintiff may have violated Defendant's privacy rights or by using unlawful means [sic]."

Whether the DMCA's safe harbor provisions apply, whether Plaintiff is a German company, and whether Plaintiff may have violated Defendant's privacy rights or used unlawful means is not relevant in determining whether there is personal jurisdiction over Defendant. Moreover, the Court cannot determine whether the DMCA's safe harbor provisions apply to Defendant at this stage because there is no evidence before the Court regarding whether Defendant is a service provider who satisfies the statutory requirements for protection pursuant to the DMCA's safe harbors.[6] Even assuming the DMCA's safe harbor provisions apply to Defendant, those safe harbors would not protect Defendant from liability as to Plaintiff's trademark infringement and unfair competition claims. *See* 17 U.S.C. § 512 (providing four safe harbors for liability for "copyright infringement"); *Williams v. Life's Rad*, 2010 WL 5481762, at *3 (N.D. Cal. May 12, 2010).

Here, the Complaint alleges "[t]his Court has personal jurisdiction over defendant Storman, who resides in the Central District of California" and "a substantial part of the infringing acts occurred in this District." (Compl. ¶¶ 9, 10.) In his Motion to Dismiss, Defendant provided an address in Covina, California, which is the address of record listed for Defendant in this action. Therefore, there is no evidence demonstrating this Court lacks personal jurisdiction over Defendant. Accordingly, the Court denies Defendant's motion to dismiss for lack of personal jurisdiction pursuant to Rule 12(b)(2).

**C. Subject Matter Jurisdiction**

Defendant argues the Court lacks subject matter jurisdiction over this matter

---

[6] *See Branca*, 2011 WL 13218028, at *2.

"because of liability immunity" pursuant to the DMCA's safe harbors, "proof ownership of copies has not been claimed," and Plaintiff is a Japanese or German company. The DMCA's safe harbors, proof of ownership of copies, and whether Plaintiff is a foreign company are irrelevant to whether the Court has subject matter jurisdiction over this action. Moreover, as discussed *supra*, the Court cannot determine at this stage whether the DMCA's safe harbor provisions apply and Plaintiff sufficiently alleges ownership. Accordingly, the Court denies Defendant's motion to dismiss for lack of subject matter jurisdiction pursuant to Rule 12(b)(1).

**D.   Improper Venue**

Defendant contends venue is improper because "[o]wners of copies may be international" and "the Plaintiff is a German or Japanese company." However, whether "owners of copies may be international" and whether Plaintiff is an international company is irrelevant in determining whether venue is proper.[7] *See* 28 U.S.C. § 1391.

Here, the Complaint alleges venue is proper in this district because Defendant "resides in the federal judicial district of the Central District of California and a substantial part of the infringing acts occurred in this District." (Compl. ¶ 10.) Defendant does not argue nor provide any evidence demonstrating he does not reside in this district or that the alleged infringing acts did not occur in this district. As discussed *supra*, Defendant provided an address within this district in his Motion to Dismiss, which is the address of record for Defendant in this action. Therefore, there is no indication venue is improper here. Accordingly, the Court denies Defendant's motion to dismiss based on improper venue pursuant to Rule 12(b)(3).

---

[7] The Complaint alleges Plaintiff is a Washington corporation with its headquarters and principal place of business in Redmond, Washington. (Compl. ¶ 2.)

8

### E. Insufficient Service of Process

Defendant argues service was "insufficient because it does not timely serve, essential actors, such as owners of copies, supplies [sic], distributors, and copyright owners." As discussed *supra*, Plaintiff sufficiently alleges ownership, and "the owner of copyright . . . has the exclusive rights to . . . reproduce the copyrighted work in copies [and] to prepare derivative works based upon the copyrighted work." 17 U.S.C. § 106(1)-(2). Moreover, Defendant fails to identify any authority requiring Plaintiff to serve suppliers and distributors. Defendant also contends there was "insufficient process" "because [process] is not based on DMCA violations." The DMCA is irrelevant to service of process, and in any event the Court cannot make a determination at this stage as to whether the DMCA safe harbors apply.

Here, Plaintiff filed a proof of service of the summons and complaint on Defendant on September 12, 2019 (Dkt. No. 13). Accordingly, the Court denies Defendant's motion to dismiss based on insufficient service of process pursuant to Rule 12(b)(5).

### F. Failure To Join an Indispensable Party

Defendant argues Plaintiff has "failed to join the true and essential owners of copies known only to Plaintiff, or unknown." As discussed *supra*, Plaintiff sufficiently alleges ownership and "the owner of copyright . . . has the exclusive rights to . . . reproduce the copyrighted work in copies [and] to prepare derivative works based upon the copyrighted work." 17 U.S.C. § 106(1)-(2). Therefore, Defendant fails to demonstrate there are persons subject to service of process which, in their absence, would prevent the Court from providing complete relief among the existing parties or persons claiming an interest in the subject of this action. *See* Fed. R. Civ. Proc. 19. Accordingly, the Court denies Defendant's motion to dismiss based on failure to join an indispensable party pursuant to Rule (12)(b)(7).

## IV.  CONCLUSION

Therefore, the Court **<u>DENIES</u>** Defendant's Pretrial Motion to Dismiss. Defendant shall serve a responsive pleading **<u>no later than January 29, 2020</u>**. *See* Fed. R. Civ. P. 12(a)(4) ("[I]f the court denies the motion [to dismiss pursuant to Fed. R. Civ. P. 12(b)] . . ., the responsive pleading must be served within 14 days after notice of the court's action.").

**IT IS SO ORDERED.**

DATED: January 15, 2020.

CONSUELO B. MARSHALL
UNITED STATES DISTRICT JUDGE