Pro Se 3 (Rev. 12/16) The Defendant's Answer to the Complaint

# UNITED STATES DISTRICT COURT
for the

Central District of Los Angeles

Los Angles Division

| | | |
|---|---|---|
| Nintendo of America, Inc | ) | Case No. 2:19-CV-07818 CBM(RA0x) |
| *Plaintiff(s)* | ) | *(to be filled in by the Clerk's Office)* |
| (Write the full name of each plaintiff who is filing this complaint. If the names of all the plaintiffs cannot fit in the space above, please write "see attached" in the space and attach an additional page with the full list of names.) | ) ) ) | Jury Trial: *(check one)* ☒ Yes ☐ No |
| -v- | ) | |
| Matthew Storman | ) | |
| *Defendant(s)* | ) | |
| (Write the full name of each defendant who is being sued. If the names of all the defendants cannot fit in the space above, please write "see attached" in the space and attach an additional page with the full list of names.) | ) ) ) | |

## THE DEFENDANT'S ANSWER TO THE COMPLAINT

### I. The Parties Filing This Answer to the Complaint

Provide the information below for each defendant filing this answer or other response to the allegations in the plaintiff's complaint. Attach additional pages if needed.

| | |
|---|---|
| Name | Matthew Storman |
| Street Address | 1601 E Ruddock St |
| City and County | Covina, Los Angeles |
| State and Zip Code | California, 91724 |
| Telephone Number | 626-833-6327 |
| E-mail Address | admin@romuniverse.com |

### II. The Answer and Defenses to the Complaint

#### A. Answering the Claims for Relief

On a separate page or pages, write a short and plain statement of the answer to the allegations in the complaint. Number the paragraphs. The answer should correspond to each paragraph in the complaint, with paragraph 1 of the answer corresponding to paragraph 1 of the complaint, etc. For each paragraph in the complaint, state whether: the defendant admits the allegations in that paragraph; denies the allegations; lacks sufficient knowledge to admit or deny the allegations; or admits certain allegations but denies, or lacks sufficient knowledge to admit or deny, the rest.

Pro Se 3 (Rev. 12/16) The Defendant's Answer to the Complaint

### B.  Presenting Defenses to the Claims for Relief

Write a short and plain statement identifying the defenses to the claims, using one or more of the following alternatives that apply.

1. The court does not have subject–matter jurisdiction over the claims because *(briefly explain why there is no federal–question jurisdiction or diversity–of–citizenship jurisdiction; see the complaint form for more information)*

   The court does not have jurisdiction over this matter because of liability immunity and plaintiff has not claimed of ownership of website copies.

2. The court does not have personal jurisdiction over the defendant because *(briefly explain)*

   Defendant is not an individual, but rather a service provider (admin@romuniverse.com) who is not part of the required forum. The court does not have personal jurisdiction since service provider is protected under the 17 U.S.C. Including DMCA 512 and potential involvement of international actors. Plaintiff may have violated Defendant's privacy rights or by using unlawful means.

3. The venue where the court is located is improper for this case because *(briefly explain)*

   Owners of copies and Plaintiff is a German agent, may be international; and an issue of jurisdiction.

4. The defendant was served but the process–the form of the summons–was insufficient because *(briefly explain)*

   It is not based on DMCA violations.

5. The manner of serving the defendant with the summons and complaint was insufficient because *(briefly explain)*

   It does not timely serve essential actors, such as owners of copies, users, suppliers, distributors, copyright owners and other Nintendo subsidiaries

6. The complaint fails to state a claim upon which relief can be granted because *(briefly explain why the facts alleged, even if true, are not enough to show the plaintiff's right to recover)*

   Complaints do not include any required DMCA violation or ownership of copies. Fails to identify essential owners of copies.

7. Another party *(name)*   DOES, 1-10, et al, for or against defen.   needs to be joined (added) in the case. The reason is *(briefly explain why joining another party is required)*

Pro Se 3 (Rev. 12/16) The Defendant's Answer to the Complaint

        The Plaintiff has failed to join the true and essential owners of the copies known only to Plaintiff, or unknown

    a.    If the basis for subject–matter jurisdiction is diversity of citizenship, state the effect of adding the other party:

        The other party is a citizen of the State of *(name)* _____.

        Or is a citizen of *(foreign nation)* _____. The amount of damages sought from this other party is *(specify the amount)* _____.

    b.    If the claim by this other party is based on an alleged violation of a federal constitutional or statutory right, state the basis:

## C. Asserting Affirmative Defenses to the Claims for Relief

Identify an affirmative defense or avoidance that provides a basis for the defendant to avoid liability for one or more of the plaintiff's claims even if the basis for the claim is met. Any affirmative defense or avoidance must be identified in the answer. Include any of the following that apply, as well as any others that may apply.

The plaintiff's claim for *(specify the claim)*

COPYRIGHT INFRINGEMENT, 17 U.S.C 501;
FEDERAL TRADEMARK INFRINGEMENT AND UNFAIR COMPETITION, 15 U.S.C 1114, 1125(a);
UNFAIR COMPETITION, CAL. BUS. & PROF. CODE 17200

is barred by *(identify one or more of the following that apply)*:

1.    Accord and satisfaction *(briefly explain)*

An implied contract is an agreement which legitamately can be inferred from intention of parties as evidenced by circumstances and ordinary course of dealing and common understanding of men. Martin v. Little, Brown & Co., 304 Pa.Super. 424,450 A.2d 984,987. Therefore, all actions of Defendant are approved by Plaintiff.

Baltimore & Ohio R. Co. v. United States, 261 U.S. 592 (1923)

There are two instances where an implied contract was established between the Defendant and Plaintiff, they are as follows:

1. Plaintiff has sent DMCA take down requests, over the last 10 years, implying that no futher legal action would occur if Defendant complied with the take down requests. Defendant has complied with all DMCA take down requests from Plaintiff.

2. Plaintiff has allowed Defendant for the last 10 years to list non-infringing material on the website in exchange for advertising material on the website, by listing all of Plaintiff's products to massive audiences, who take mental impressions of Plaintiff's brand and products which are remembered and influence future purchases.

2. Arbitration and award *(briefly explain)*

Defendant will, petition to require arbitration and award to avoid increased damage to Defendant.

3. Assumption of risk *(briefly explain)*

For the previous 10 years the Plaintiff continuely allowed the Defendant to operate the Website, and waited 10 years before filing a civil action against the Defendant thereby causing themselves greater and increasing percieved damage.

4. Contributory or comparative negligence of the plaintiff *(briefly explain)*

The Plaintiff misrepresented the Defendants actions, in direct violation of 17 U.S.C § 512(f), and should be held liable for damages caused by Plaintiff, including costs and attorneys' fees.

5. Duress *(briefly explain)*

Plaintiff brought this civil suit to put pressure on Defendant to fear the negative outcome, including fines, penalties and to relinquish Defendants valueable website to the Plaintiff which appears to be the goal of the civil suit. It's value could be multi million dollars to Plaintiff.

6. Estoppel *(briefly explain)*

Plaintiff implied contract with Defendant for 10 years is unilaterally violated by Plaintiff whereby Plaintiff received valueable advertising and massive positive exposure to Plaintiff's brand. Without notice or negociations for mutual advantage nor making offer to purchase Defendant's assets, Plaintiff breached the contract, thereby injuring Defendant.

7. Failure of consideration *(briefly explain)*

Plaintiff is required under DMCA to send proper notification of alleged copyright infringement to Defendant requesting Defendant to take down the alleged infringing material. Plaintiff failed to send take down notices before filing suit.

8. Fraud *(briefly explain)*

Plaintiff in complaint failed to mention the Defendant's DMCA rights and to send take down notices to Defendant. Plantiffs' claims are fraudulent for this ommision, and waste the Defendant's and court's time and resources.

9. Illegality *(briefly explain)*

The Plaintiff misrepresented the Defendants actions, in direct violation of 17 U.S.C § 512(f), and should be held liable for damages caused by Plaintiff, including costs and attorneys' fees.

10. Injury by fellow employee *(briefly explain)*

11. Laches (Delay) *(briefly explain)*

Plaintiff waited 10 years to file the civil lawsuit against Defendant, this laches created a bigger problem than necessary to the detriment of the Defendant.

12. License *(briefly explain)*

Plaintiff granted an implied license and contract to the Defendant during the last 10 years to store potentially infringing material on Defendant website

13. Payment *(briefly explain)*

Plaintiff received payment in the form of massive brand exposure in Defendant's website for 10 years.

14. Release *(briefly explain)*

Plaintiff by his actions or lack of actions agreed not to hold Defendant responsible for any negative outcome.

15. Res judicata *(briefly explain)*

Defendant or potential attorney will research relevant laws.

16. Statute of frauds *(briefly explain)*

Defendant or potential attorney will research relevant laws.

17. Statute of limitations *(briefly explain)*

Plaintiff stated in their complaint(Item 22) that they have known about romuniverse.com and ndsuniverse.com for 10 years (since 2009). 17 U.S.C. § 507(b), states that "No civil action shall be maintained under the provisions of this title unless it is commenced within three years after the claim accrued". Limitations under other U.S.C. or else apply.

18. Waiver *(briefly explain)*

    Plaintiff's German representative continues to send DMCA take down requests to Defendant implying that no legal action will occur if Defendant complied with the take down requests. Defendant has complied with all DMCA take down requests from Plaintiff. Apparently, Nintendo of America, Inc, is not aware of German Nintendo represetiative. This may require joining German representative to cause of action as a DOE for the Defendant.

19. Other *(briefly explain)*

    A. 17 U.S.C. § 512 (a-n). Defendant is service provider and sole owner of ndsuniverse.com and romuniverse.com. Defendant shall not be liable for monetary, statutory, injunctive and equitable relief.
    B. 17 U.S.C. § 501-513. Exceptions provide protection for Defendant and users, for example, fair use and first sale.
    C. Per implied contract with German respresentative a Designated Agent is not required.
    D. Included are all exceptions under DMCA
    E. Defendant prays for equal protection, due process and other rights in items 1-19.

D. **Asserting Claims Against the Plaintiff (Counterclaim) or Against Another Defendant (Cross–Claim)**

For either a counterclaim against the plaintiff or a cross–claim against another defendant, state briefly the facts showing why the defendant asserting the counterclaim or cross–claim is entitled to the damages or other relief sought. Do not make legal arguments. State how each opposing party was involved and what each did that caused the defendant harm or violated the defendant's rights, including the dates and places of that involvement or conduct. If more than one counterclaim or cross–claim is asserted, number each claim and write a short and plain statement of each claim in a separate paragraph. Attach additional pages if needed.

1. The defendant has the following claim against the plaintiff *(specify the claim and explain it; include a further statement of jurisdiction, if needed)*:

    Plaintiff misrepresented their copyright, trademark and unfair competition claims against Defendant.

2. The defendant has the following claim against one or more of the other defendants *(specify the claim and explain it; include a further statement of jurisdiction, if needed)*:

    DOE, Nintendo German representative, may have acted contrary to Nintendo.

3. State briefly and precisely what damages or other relief the party asserting a counterclaim or cross–claim asks the court to order. Do not make legal arguments. Include any basis for claiming that the wrongs alleged are continuing at the present time. Include the amounts of any actual damages claimed for the acts alleged and the basis for these amounts. Include any punitive or exemplary damages claimed, the amounts, and the reasons that are alleged to entitle the party to actual or punitive money damages.

    a. The defendant asserting the counterclaim or cross–claim against *(specify who the claim is against)* Nintendo of America, Inc. alleges that the following

injury or damages resulted *(specify)*:

The Plaintiff claimed that all material on Defendant's website was infringing in violation of 17 U.S.C. § 512 (f) and others.

b. The defendant seeks the following damages or other relief *(specify)*:

See Attachment: Prayer for Relief.

### III. Certification and Closing

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this answer: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the answer otherwise complies with the requirements of Rule 11.

#### A. For Parties Without an Attorney

I agree to provide the Clerk's Office with any changes to my address where case-related papers may be served. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Date of signing: 02/14/2020

Signature of Defendant

Printed Name of Defendant   Matthew Storman

#### B. For Attorneys

Date of signing:

Signature of Attorney
Printed Name of Attorney
Bar Number
Name of Law Firm
Street Address
State and Zip Code
Telephone Number
E-mail Address

Pro Se 3 (Rev. 12/16) The Defendant's Answer to the Complaint

## II. The Answer and Defenses to the Complaint

*SUMMARY - Defendants summary to following item A.*

*a. Defendant denies the allegations of Copyright Infringement or Piracy; Denies the allegations of Trademark Infringement; Denies the allegations of Unfair Competition.*

*Any trademarks only exist as online data*

*b. Defendant provides nonmembers and members full access rights to ndsuniverse.com and romuniverse.com for free. Defendant also provides increased bandwidth for premium members. Defendant makes no direct profit from copies uploaded or downloaded.*

*c. Defendant is OSP and is protected under 17 U.S.C. Including DMCA 512*

*d. Defendant provides copyright owners access to all files that are arranged by uploaded title only. This is required under 17 U.S.C and an implied contract with Nintendo, where Nintendo has full access to all contents to locate any potentially infringing material, and Nintendo receives unlimited advertising. Defendant is unaware of content. Furthermore, Nintendo can request removal of any material it has a good faith believe to be infringing. Defendant may receive potential membership fees as long as Nintendo does not remove all material.*

*e. Defendant is unaware if any infringing material that is uploaded to the website. This material may be owned and disposed of by the first sale purchaser and other exemptions to copyrights and therefore do not belong to Nintendo. Defendant is also not responsible for any illegal downloading or uploading by users.*

*f. 17 U.S.C § 512 (a-n). Defendant is service provider and sole owner of ndsuniverse.com romuniverse.com. Defendant shall not be liable for monetary, statutory, injunctive and equitable relief. 17 U.S.C § 501-513. Exceptions provide protection for Defendant and users, for example, fair use and first sale doctrine.*

*g. All material on website is digital data. This includes copies, trademarks, audio and performance. There are no physical games, trademarks, performances, images, displayed on the website. Data requires a capable and proper device to fully translate and display the data into a form that can be sensed by a human being.*

*h. Copies on the Website originally from Nintendo when seen by users is a positive advertising asset to Nintendo. It is part of an implied contract with Nintendo over the last 10 years. This advertising asset can be calculated and measured by Nintendo in cooperation with Defendant.*

## II. A. Answering the Claims for Relief.

Defendant is unsure if he has requisite knowledge to answer items 1 - 67

1. Defendant denies allegations of piracy and infringement.

2. Plaintiff fails to name other Nintendo subsidiaries where uploaded files are sourced from. Such as Germany whose agent has been sending take down notices for 10 years. Nintendo fails to name principals at Nintendo. Nintendo fails to name distributors. Which maybe the original source of uploaded material.

3. Defendant is OSP and sole owner of ndsuniverse.com and romuniverse.com; desires and requires no agent. Defendant is protected under 17 U.S.C.

4. Defendant has no John Does 1-10 or any corporations or individuals working in active concert and participation.

5. Defendant denies allegations that Defendant stores, categorizes and reproduces unauthorized copies of Nintendo video games. See Defendant's summary above. Copies on website are not sold and Defendant receives no direct income from such.

6. Defendant has no agents, employees or other relationships.

7. Jurisdiction maybe in Germany because of relationship with Nintendo Germany for 10 years.

8. Jurisdiction maybe in Germany because of relationship with Nintendo Germany for 10 years.

9. Jurisdiction maybe in Germany because of relationship with Nintendo Germany for 10 years. See item 4.

10. Jurisdiction maybe in Germany because of relationship with Nintendo Germany for 10 years and source of materials maybe non-U.S.

12. Nintendo's' designs fail to protect its copies. There's no visible serial number or name of a purchaser on each copy. Nintendo fails to keep or make known a master copy from which all other copies are made from. Nintendo does not encrypt its data. Nintendo delivers its product over the internet where it is very vulnerable. Nintendo could easily deliver only serialized hard copies and maintain records of purchasers. If these exist, then establishing ownership and a chain of custody would be feasible. However, the last owner may be the first sale owner and distribute it for resale or for free.

14. Nintendo's' 10 million users each of which may have 20 games over their lifetime. This estimate approaches a billion games sold. Per item 25, 80% of users non-US buyers. 8 million of which are non-U.S. This is a jurisdictional issue.

15. This estimate is contrary to item 14.

16. Nintendo fails to state its intellectual property, it's sources and licensees, which may be joined as DOES.

18. Nintendo video games and video games systems can also be distributed legally.

19. Nintendo video games and video games systems can also be distributed legally.

20. Nintendo implies legal copies are also a problem for Nintendo. Nintendo could make available technological measures and digital rights management technology to defendant or Nintendo's' agents who have full access to copies and identify high potential infringing copies and simply request removal by OSPs.

21. Nintendo fails to use its technology to identify legally installed pirated copies.

22. Defendant has no such email or knowledge of such email. However, the word "he" is obviously misinterpreted. See Defendant Summary above and could be simply marketing puffery.

23. Nintendo fails to provide names of other targeted websites and internet traffic data, and documentation and source of Defendant's alleged statements. Potentially joinable as DOES.

24. See Defendant's Summary above.

25. Nintendo has profited from free advertisement on website. Nintendo states that 80% of visitors are non-U. S which may be a jurisdictional issue. However, this is an admission German Nintendo agent has an ongoing relationship with Defendant. Nintendo falsely states that any Nintendo words are piracy in of themselves. This maybe an entrapment violation.

26. Material on Defendant's website are a substantial advertising asset to Nintendo. Nintendo fails to quantify and substantiate any injury to Nintendo.

27. There is no limitation to the visible keywords. This is a benefit to Nintendo to help them locate any potentially infringing material. See also Defendant's Summary above.

28. The website offers a list of non-infringing material. Plaintiff's Exhibit A also lists copies of non-infringing material.

29. Visitors use search bar to locate non-infringing material in the system. This facilitates copyright owners in locating potentially infringing material on the Website, which they can then send a take down notice. Which will be responded to immediately.

30. There are no pirated games.

31. There are no pirated games.

32. There are no pirated games. Visitors use the search bar to locate non-infringing material and the system. This facilitates copyright owners in locating potentially infringing material on the Website which they can then send a take down notice. Which will be responded to immediately.

33. Nintendo misinterprets the download numbers. These are incomplete downloads or interrupted downloads or rejected downloads. This is a measure of free advertising for Nintendo.

34. These are also non-infringing copies.

35. These are also non-infringing copies and games.

36. These are not pirated and is an asset for Nintendo advertising.

37. See Defendant Summary above.

39. Popularity of website is directly due to Nintendo advertising on Website. Defendant do not directly profit from copies, see Defendant Summary above.

40 – 53. Defendant incorporates by reference its responses to the preceding paragraphs. Defendant is not liable under 17 U.S.C. NOA has not proven that the downloaded files belong to them. Plaintiff is making false statements. The website does not house any pirated works. Defendant does not reproduce, distribute, publicly perform or display unauthorized copies of any copyrighted works. Defendant completely and wholly complies with take down notices that are received by Nintendo of America. Defendant denies the allegation that the alleged infringement has been willful, intentional, and purposeful, or in reckless disregard of NOA's rights. Defendant rejects the notion that NOA is entitled to any monetary damages. Defendant believes the court should reject NOA's request for attorneys' fees and full costs as this lawsuit is without warrant. Defendant rejects plaintiffs' statement that Defendant is causing Nintendo great and irreparable injury.

54 – 62. Defendant incorporates by reference its responses to the preceding paragraphs. See Defendants Summary above. The digital structure and content of the files are not known to the Defendant. This may require downloading to a proper device. Defendant does not download nor possess such devices. No games are sold on the Website. Nor are visitors encouraged to download and play. Defendant's actions are not misleading, nor do they cause confusion or deception. Plaintiff does not specify what specific actions constituted interstate commerce. There is no interstate commerce. Defendant has not violated Lanham Act 15 U.S.C § 1125(a), Section 32. No one has been deceived, confused or mistaken.

63 – 67. Defendant incorporates by reference its responses to the preceding paragraphs. Defendant denies engaging in any unlawful business practices. See Defendant Summary above. Defendant denies using any registered trademarks on the website; denies any state or federal law violations. Defendant denies that any unlawful conduct has occurred. Defendant denies that any irreparable harm to Nintendo has occurred.

## II. D. 3. b. PRAYER FOR RELIEF

WHEREFORE, Defendant, Matthew Storman, seeks the following relief:

A. For judgment in favor of Defendant, and against Plaintiff, for damages in such amounts as may be proven at trial.

B. An award of statutory damages as allowed by law, in an amount up to $150,000 for the false allegations of infringement for each NOA copyrighted work and up to $2,000,000 for the false allegations of infringement for each NOA trademark through use of false allegations of counterfeit marks.

C. An award of false allegations of enhanced damages or profits, whichever is greater, under Section 35 of the Lanham Act, 15 U.S.C. § 1117, and as otherwise provided by law.

D. Based on Plaintiff's willful and deliberate false infringement allegations of NOA's intellectual property, and to deter such conduct in the future, Defendant be awarded punitive damages.

E. An accounting of all Plaintiff's profits and gains from the Website.

F. For the costs and expenses of this action, as well as Defendant's reasonable time and attorneys' fees.

G. Pre-judgment and post-judgment interest.

H. A permanent injunction enjoining Plaintiff's and their agents, servants, employees, and all those in active concert or participation with Plaintiff's to:

a. Permanently approve all copying, distributing, selling, performing, displaying, playing, or otherwise using any copy of an NOA copyrighted work, or any derivative thereof.

b. Permanently approve using, or inducing or enabling others to use, any reproduction, counterfeit, copy, or colorable imitation of NOA's trademarks, in any manner in connection with the manufacture, printing, distribution, advertising, offering for sale or sale of any goods or services, including the use of NOA's trademarks in connection with a website;

c. Permanently approve using any trademark, service mark, name, logo, design or source designation of any kind on or in connection with Plaintiff's goods or services that is likely to cause confusion, mistake, deception or public misunderstanding that such goods or services are produced or provided by Nintendo, or sponsored or authorized by Nintendo, or are in any way connected or related to Nintendo;

d. Store all falsely alleged unauthorized Nintendo games or other falsely alleged unauthorized copies of Nintendo's intellectual property including movies, books, and music; and

e. Not Transfer all domains used by Defendants in furtherance of their alleged infringing activities to NOA, including but not limited to NDSUniverse.com and RomUniverse.com.

I. For such other relief as the Court may deem just and proper.