1  Katherine M. Dugdale, Bar No. 168014
   KDugdale@perkinscoie.com
2  PERKINS COIE LLP
   1888 Century Park E., Suite 1700
3  Los Angeles, CA  90067-1721
   Telephone:  310.788.9900
4  Facsimile:  310.788.3399

5  William C. Rava (appearing pro hac vice)
   Christian W. Marcelo (appearing pro hac vice)
6  WRava@perkinscoie.com
   CMarcelo@perkinscoie.com
7  PERKINS COIE LLP
   1201 Third Avenue, Suite 4900
8  Seattle, WA  98101
   Telephone:  206.359.8000
9  Facsimile:  206.359.9000

10 Attorneys for Plaintiff
   Nintendo of America Inc.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| NINTENDO OF AMERICA INC., a Washington corporation,<br><br>          Plaintiff,<br><br>          v.<br><br>MATTHEW STORMAN, an individual, JOHN DOES 1-10, individuals and/or corporations,<br><br>          Defendants. | Case No. 2:19-CV-07818-CBM-RAO<br><br>JOINT SCHEDULING REPORT PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 26(f)<br><br>Date:    April 28, 2020<br>Time:   10:00 a.m.<br>Ctrm:   2<br>Judge:  Hon. Consuelo B. Marshall |

Plaintiff Nintendo of America Inc. ("Nintendo") and defendant Matthew Storman ("Defendant") submit this Scheduling Report pursuant to this Court's Order Setting Scheduling Conference (Dkt. # 34), Rule 26(f) of the Federal Rules of Civil Procedure, and applicable Local Rules.

-1-

147495443.5

# COURT'S FEBRUARY 25, 2020 ORDER
# SETTING SCHEDULING CONFERENCE

Pursuant to this Court's Order Setting the Scheduling Conference, the parties report the following:

**1.** **Description of the Case**

**Nintendo's Statement of the Case:**

This is an action to recover damages arising from Defendant's infringement of Nintendo's registered copyrights and trademarks and to enjoin Defendant's future infringement. On September 10, 2019, Nintendo filed this action, asserting claims for copyright infringement, federal trademark infringement and unfair competition, and state law unfair competition.

**Defendant's Statement of the Case:**

This is an action by Nintendo to tarnish the reputation of Defendant. Plaintiff is using unfair and bullying tactics to force Defendant to defend itself in court, against Nintendo's false allegations of copyright infringement, federal trademark infringement and unfair competition.

**2.** **Depositions**

Nintendo currently anticipates taking Defendant's deposition in June or July, after an initial round of written discovery.

**3.** **Written Discovery**

Nintendo anticipates propounding written discovery after serving its Initial Disclosures. Nintendo believes that discovery will be needed on the following subjects:

(1) The source, organization, management, and control of the content found on Defendant's website, Romuniverse.com;

(2) The use of Nintendo's intellectual property on Romuniverse.com and/or any other websites controlled by Defendant; and

(3) Defendant's profits and financial information.

147495443.5

Defendant believes that discovery will be needed on the following subjects:

(1) Nintendo's profits including financial statements and financial records for all video game consoles and video games offered by Nintendo, Inc to all distributors, individuals or any other company.

(2) Total counts of digital and physical video games whether downloaded or purchased

(3) Reports of website traffic statistics and analysis for all Nintendo's websites and products.

(4) A list of all websites and website owners including contact information of owners that Nintendo has previously filed civil lawsuits against.

The parties believe that interrogatories, depositions, requests for production, and requests for admission may be served as provided by the Federal Rules of Civil Procedure. The parties do not believe discovery should be conducted in phases.

**4.  Expert Witnesses**

Nintendo may call an expert witness regarding the technology at issue in this matter, including read-only memory and operation, management, and control of Defendant's website(s) and proposes that expert discovery be conducted on the schedule proposed below.

**5.  Pretrial Conference and Proposed Case Schedule**

The parties propose the following case schedule:

(a) Reports under Rule 26(a)(2) due:  July 24, 2020
(b) Rebuttal Reports due:  August 14, 2020
(c) Non-Expert Discovery cutoff:  August 28, 2020
(d) Expert Discovery Cutoff:  September 11, 2020
(e) Last day to file dispositive motions:  September 25, 2020
(f) Final Pretrial Conference:  January 4, 2021
(g) Trial:  January 18, 2021

-3-

**6. Jury Trial**

Nintendo demanded a jury trial in its September 10, 2019 Complaint (Dkt. # 1).

**7. Settlement**

The parties had an initial discussion related to settlement on April 6, 2020, at their Rule 26 conference, and anticipate engaging in further conversations, to the extent appropriate and efficacious.

**8. Consent to Magistrate Judge**

Nintendo does not consent to proceeding before a magistrate judge

**9. Motions**

Nintendo anticipates that it may be forced to file discovery motions. Nintendo also anticipates filing a motion for summary judgment after completing any necessary discovery.

**10. ADR under L.R. 16-15.4**

Pursuant to Local Rule 16, the parties have selected Settlement Procedure No. 1, and will participate in a settlement conference before the magistrate judge assigned to the case.

## CENTRAL DISTRICT LOCAL RULE 26-1

Pursuant to Local Rule 26-1, the parties also discussed the following additional matters:

**(a) Complex Case**

The parties agreed that the case is not complex, and the Manual for Complex Litigation should not be used in this case.

**(b) Proposed Schedule**

The parties refer the Court to the Proposed Schedule above.

**(c) Settlement**

-4-

147495443.5

See above. Pursuant to Local Rule 16, the parties have selected Settlement Procedure No. 1, and will participate in a settlement conference before the magistrate judge assigned to the case.

(d) **Trial Estimate**

The parties estimate 3 days for trial.

(e) **Additional Parties**

The parties do not anticipate adding additional parties currently.

## RULE 26(f) OF THE FEDERAL RULES OF CIVIL PROCEDURE

Pursuant to Rule 26(f) of the Federal Rule of Civil Procedure, the parties report the following:

**1. Disclosures**

Pursuant to Rule 26(a)(1), the parties' initial disclosures are due on Monday, April 21, 2020. Nintendo timely served its initial disclosures.

**2. Proposed Discovery Plan**

The parties refer the Court to the discovery plan above.

**3. Limitations on Discovery**

The parties do not believe at this time that any changes should be made in the limitations on discovery imposed by the Federal Rules of Civil Procedure.

**4. Issues Relating to Electronically Stored Information**

The parties are not presently aware of any issues relating to the disclosure and discovery of electronically stored information. Nintendo is prepared to produce any requested relevant electronically stored information in a media accessible to Defendant.

**5. Issues Relating to Claims of Privilege**

Nintendo is not presently aware of any issues relating to claims of privilege or protection.

147495443.5

### 6. Protective Orders

An appropriate stipulated protective order may be necessary in this action. If the parties do not agree on the terms, the parties may also bring motions for protective orders.

DATED: April 21, 2020              PERKINS COIE LLP

                                   By: /s/ William C. Rava
                                       Katherine M. Dugdale
                                       William C. Rava (pro hac vice)
                                       Christian W. Marcelo (pro hac vice)
                                       Attorneys for Plaintiff NINTENDO
                                       OF AMERICA INC.

DATED: April 21, 2020              MATTHEW STORMAN

                                   By: /s/ Matthew Storman
                                   Defendant Matthew Storman
                                   *(per telephonic consent)*

147495443.5

# PROOF OF SERVICE

I, Jackie Slavik, declare:

I am a citizen of the United States and employed in Seattle, Washington. I am over the age of eighteen years and not a party to the within-entitled action. My business address is 1201 Third Avenue, Suite 4900, Seattle, WA 98101. On April 21, 2020, I served a copy of the following document(s):

**PLAINTIFF NINTENDO OF AMERICA INC.'S RULE 26(A)(1) INITIAL DISCLOSURES**

| | |
|---|---|
| ☐ | by transmitting via facsimile the document(s) listed above to the fax number(s) set forth below on this date before 5:00 p.m. |
| ☒ | by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, the United States mail at Seattle, Washington addressed as set forth below. |
| ☐ | by placing the document(s) listed above in a sealed envelope and affixing a pre-paid air bill, and causing the envelope to be delivered to an agent for delivery. |
| ☐ | by personally delivering the document(s) listed above to the person(s) at the address(es) set forth below. |
| ☒ | by transmitting via e-mail or electronic transmission the document(s) listed above to the person(s) at the e-mail address(es) set forth below. |

Matthew Storman
1601 E. Ruddock St.
Covina, CA 91724
admin@romuniverse.com
*Pro Se Defendant*

I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business. I am aware that on motion of the party served, service

147958108.1 -1- PROOF OF SERVICE

1 is presumed invalid if postal cancellation date or postage meter date is more than
2 one day after date of deposit for mailing in affidavit.
3    I declare that I am employed in the office of a member of the bar of this court
4 at whose direction the service was made.
5    Executed on April 21, 2020, at Seattle, Washington.

6  *[signature]*
7                                   Jackie Slavik