1  Katherine M. Dugdale, Bar No. 168014
   KDugdale@perkinscoie.com
2  PERKINS COIE LLP
   1888 Century Park E., Suite 1700
3  Los Angeles, CA  90067-1721
   Telephone:  310.788.9900
4  Facsimile:  310.788.3399

5  William C. Rava (appearing *pro hac vice*)
   Christian W. Marcelo (appearing *pro hac vice*)
6  WRava@perkinscoie.com
   CMarcelo@perkinscoie.com
7  PERKINS COIE LLP
   1201 Third Avenue, Suite 4900
8  Seattle, WA  98101
   Telephone:  206.359.8000
9  Facsimile:  206.359.9000

10 Attorneys for Plaintiff
   Nintendo of America Inc.

11

                  UNITED STATES DISTRICT COURT
12
                  CENTRAL DISTRICT OF CALIFORNIA
13

14

15 | NINTENDO OF AMERICA INC., a        | Case No. 2:19-CV-07818-CBM-RAO
   | Washington corporation             |
16 |                                    | **DECLARATION OF WILLIAM C.**
   |                Plaintiff,          | **RAVA IN SUPPORT OF**
   |                                    | **NINTENDO'S REQUEST FOR**
17 |            v.                      | **ATTORNEY'S FEES AND COSTS**
18 | MATTHEW STORMAN, an                | The Honorable Consuelo B. Marshall
   | individual, JOHN DOES 1-10,        |
19 | individuals and/or corporations,   | **DISCOVERY MATTER**
20 |                Defendant.          |

21

22

23

24

25

26

27

28

-1-

150267664.1

1        William C. Rava declares as follows:

2        1.      I am a partner of the law firm Perkins Coie LLP and counsel for

3    plaintiff Nintendo of America Inc. ("Nintendo") in this action.  I make this

4    declaration based on personal knowledge and I am competent to do so.

5        2.      In April and May, 2020, Nintendo served written discovery requests

6    on defendant Matthew Storman, including Requests for Production (served April

7    28), Interrogatories (also served April 28), and Requests for Admission (served

8    May 19, 2020).  Among other things, in these requests, Nintendo sought documents

9    and information related to (1) ROM downloads from his website; (2)

10   communications related to his website and this lawsuit; and (3) his tax records (the

11   "Three Discovery Topics").

12       3.      As to the Requests for Production and Interrogatories, Mr. Storman

13   requested and Nintendo granted an extension of time to provide responses until

14   June 5, 2020.  On June 4, 2020, Mr. Storman emailed Nintendo's counsel and

15   requested an additional extension, saying: "Due to extenuating circumstances due

16   to the Riots and Looting that are affecting Los Angeles and surrounding areas, I

17   will need until Tuesday June 30th, 2020 to complete & respond to your initial

18   disclosures, discovery, and admissions."  Nintendo agreed to extend his deadline

19   again until June 15, 2020, and Mr. Storman provided responses and produced some

20   documents on June 15, 2020.

21       4.      Nintendo determined that Mr. Storman's responses were inadequate

22   and deficient with respect to the Three Discovery Topics (and others no longer at

23   issue).  Nintendo first reached out to Mr. Storman on June 23, 2020 to attempt to

24   schedule a conference to discuss these discovery deficiencies.  For the next four

25   months, Nintendo expended considerable effort attempting to obtain Mr. Storman's

26   compliance with his discovery obligations and, after September 25, 2020, the

27   Court's order.  (Dkt. # 45.)

28

-2-

1    5.    After numerous communications and attempted communications in

2  June and July 2020, to which Mr. Storman generally did not respond, Mr. Storman

3  eventually requested an extension of the case schedule due to a medical issue.

4  Nintendo agreed.  As part of the parties' agreement to extend the case schedule and

5  in order to support the parties' effort to work through the unaddressed discovery

6  disputes, the Court scheduled an informal discovery conference ("IDC") on

7  September 25, 2020 and ordered the parties to participate in a substantive meet-and-

8  confer prior to the IDC.

9    6.    Nintendo then reached out to Mr. Storman to schedule the meet-and-

10  confer by email and/or telephone on August 17, August 21, August 28, September

11  4, and September 11, 2020.  Mr. Storman did not respond and he did not participate

12  in a meet-and-confer prior to the IDC.

13    7.    In its September 21, 2020 letter to the Court in advance of the

14  September 25, 2020 IDC, Nintendo provided details and documents relating to the

15  discovery disputes (particularly, the Three Discovery Topics) and Mr. Storman's

16  delinquencies and failures to comply with his obligations.  That letter is attached

17  hereto as Exhibit A.

18    8.    Following the September 25 IDC, the Court ordered Mr. Storman to

19  produce documents responsive to the Three Discovery Topics by October 5, 2020

20  (the "September 25 Order").  (DKt. # 45.)

21    9.    On October 8 and 23, 2020, Nintendo emailed the Court regarding Mr.

22  Storman's failure to comply with the September 25 Order.  That email string is

23  attached hereto as Exhibit B.

24    10.    Following a second IDC on October 28, 2020, the Court held, among

25  other things, that Mr. Storman had violated the September 25 Order by failing to

26  produce documents responsive to two of the Three Discovery Topics.  (Dkt. # 49.)

27    11.    In advance of a third IDC scheduled for November 4, 2020, on

28  November 3, 2020, Nintendo requested that the Court sanction Mr. Storman for his

-3-

1   violation of the September 25 Order (email attached as Exhibit C), saying:

2

3           Mr. Storman's noncompliance has resulted in substantial fees and
            costs directly related to Nintendo's months-long efforts to attempt to
4           obtain compliance. Nintendo here seeks $9675 as a sanction. In
            September and October alone, Nintendo had numerous
5           communications with Mr. Storman related to the Outstanding
6           Information, and requested, prepared for, participated in, and followed
            up on two IDCs related to the Outstanding Information. These efforts
7           followed three months of raising, re-raising, and attempting to get Mr.
8           Storman to respond to Nintendo's outreach regarding the Outstanding
            Information and related issues. Nintendo documented most of this for
9           the Court in its September 21 request for the first IDC; and the parties
10          subsequently discussed the issues and delays in more detail at the
            September and October IDCs. For this effort, Nintendo seeks
11          reimbursement of $9300 in attorneys' fees, which significantly
12          undercounts the hours and efforts invested over five months in
            attempting to obtain Mr. Storman's compliance. Also, because
13          Nintendo had to reschedule Mr. Storman's deposition from the
14          originally-set October 8 date, it incurred $375 in late-notice deposition
            cancellation-related costs. (Nintendo can document these fees and
15          costs, if the Court so requires.)

16

17          12.    Following the November 4, 2020 IDC, the Court ordered Nintendo to

18   "file a declaration in support of [Nintendo's] request for attorney's fees and costs

19   expended in [Nintendo's] efforts to obtain [Mr. Storman's] compliance with his

20   discovery obligations."

21          13.    Before sending my email that is attached as Exhibit C and that seeks

22   the sanction, I reviewed Perkins Coie's invoices in this matter for work from

23   August and September 2020. I also reviewed WIP time reports -- recorded but un-

24   invoiced time -- from work from October 2020. During these three months, my

25   colleague Christian Marcelo spent at least 7 hours on efforts to obtain Mr.

26   Storman's compliance with his discovery obligations, including the efforts detailed

27   above and in the Exhibits attached hereto. Mr. Marcelo's effective billing rate on

28

                                              -4-

1    this matter is $485.6.  During these three months, I spent at least 7.6 hours on

2    efforts to obtain Mr. Storman's compliance with his discovery obligations,

3    including the efforts detailed above and in the Exhibits attached hereto.  My

4    effective billing rate on this matter is $775.  Nintendo thus seeks sanctions of $9300

5    in attorneys' fees.  At the Court's request, Nintendo will make its invoices and time

6    records available to the Court for *in camera* review.

7         14.    This request significantly undercounts the amounts expended on

8    efforts to obtain Mr. Storman's compliance with his discovery obligations, which

9    efforts date to June 2020, as detailed above.  Furthermore, although not included in

10   these fees, Mr. Storman's delinquencies and non-compliance increased the costs to

11   Nintendo, some of which would be reflected in increased fees incurred, related to

12   other litigation activities, including third-party discovery, deposition-related issues,

13   and settlement conference scheduling and preparations.  These costs also do not

14   take into account the fact that Mr. Storman maintained the RomUniverse site and

15   continued to add new pirated content for download until October 2020 (a full year

16   after the lawsuit was filed), which required Nintendo to continuously review Mr.

17   Storman's site and download data, verify new pirated content, and incur further

18   financial loss due to Mr. Storman's uploading of new Nintendo content as it was

19   released.[1]

20        15.    We were able to get the deposition service provider to waive the $375

21   late-notice cancellation fee mentioned in my November 3 email (Exhibit C), so

22   Nintendo no longer seeks reimbursement of that amount.

23        16.    In the circumstances, Nintendo believes that the requested amount

24   fairly and reasonably reimburses Nintendo for its efforts to obtain Mr. Storman's

25   compliance with his discovery obligations.

26

27        [1] For example, on September 18, 2020, Mr. Storman uploaded the ROM for
     one of Nintendo's newest games and biggest launches of the year, *Super Mario 3D*
28   *All Stars*, which was publicly released that very same day.

-5-

150267664.1

1        I declare under penalty of perjury under the laws of the United States that the

2   foregoing is true and correct.

3        EXECUTED this 23rd day of November, 2020, at Seattle, Washington.

4

5                             *s/ William C. Rava*

6                             William C. Rava

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

-6-

150267664.1