Katherine M. Dugdale, Bar No. 168014
KDugdale@perkinscoie.com
PERKINS COIE LLP
1888 Century Park E., Suite 1700
Los Angeles, CA 90067-1721
Telephone: 310.788.9900
Facsimile: 310.788.3399

William C. Rava (appearing *pro hac vice*)
Christian W. Marcelo (appearing *pro hac vice*)
WRava@perkinscoie.com
CMarcelo@perkinscoie.com
PERKINS COIE LLP
1201 Third Avenue, Suite 4900
Seattle, WA 98101
Telephone: 206.359.8000
Facsimile: 206.359.9000

Attorneys for Plaintiff
Nintendo of America Inc.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| NINTENDO OF AMERICA INC., a Washington corporation<br><br>Plaintiff,<br><br>v.<br><br>MATTHEW STORMAN, an individual, JOHN DOES 1-10, individuals and/or corporations,<br><br>Defendant. | Case No. 2:19-CV-07818-CBM-RAO<br><br>**NINTENDO'S RESPONSE TO DEFENDANT'S MOTION FOR AN EXTENSION OF TIME**<br><br>Date:     January 26, 2021<br><br>The Honorable Consuelo B. Marshall |

-1-

151137929.1

Plaintiff Nintendo of America Inc. ("Nintendo") submits this Response to Defendant Matthew Storman's Motion for an Extension of Time to File a Response to Plaintiff Nintendo of America's Motion for Summary Judgment.

## I. ARGUMENT

### A. History of Mr. Storman's Delays

Throughout these proceedings, Mr. Storman has been largely unresponsive, providing rare and severely delayed responses to e-mails and calls. Dkt. No. 41 at 1-3 (Stipulated Motion explaining Mr. Storman's past delays); Dkt. No. 51. When he did respond, it has been generally only to request extensions of time as a deadline approaches, as he does here. Recognizing Mr. Storman is appearing *pro se*, Nintendo has made every effort to accommodate his requests for extensions while still moving this case forward. Nintendo cannot, however, agree to Mr. Storman's latest request for a *two-month* extension for the already-extended summary judgment deadlines.

Bringing his motion *the day before* his response is due, Mr. Storman requests that this Court extend the current summary judgment deadlines by another 60 days. This is not his first request for an extension of time; Mr. Storman's delays have been numerous and constant. Nintendo has remained accommodating. For instance, Nintendo agreed to time extensions for Mr. Storman to file his Answer, provide his initial disclosures, and respond to Nintendo's discovery requests. Dkt. No. 21 (stipulation to extend time to respond to Complaint); Dkt. No. 31 (same); Dkt. No. 41 at 1-3. Likewise, at Mr. Storman's request and due to his medical concerns, Nintendo stipulated to the parties' first request to extend the case schedule. Dkt. No. 41.

Despite being given extension after extension, Mr. Storman *continued* to miss deadlines. His delays have substantially impacted Nintendo and this case schedule. For instance, because of Mr. Storman's delays in completing discovery—*even after Nintendo agreed to extend the deadlines*—Nintendo was

forced to postpone Mr. Storman's deposition, *twice*, and to participate in multiple Informal Discovery Conferences to ensure Mr. Storman's compliance with his obligations. Dkt. Nos. 45, 49. Similarly, the parties' settlement conference, which the parties were ordered to participate in (Dkt. No. 46), was cancelled due to Mr. Storman's failure to provide Judge Oliver with his settlement statement. Dkt. No. 47 (cancelling settlement conference).

After these numerous delays, the parties finally completed discovery and reached the deadline for dispositive motions—*fifteen months after Nintendo filed its Complaint*. Nintendo filed its Motion for Summary Judgment and related papers on December 29, 2020. Dkt. No. 52. Mr. Storman missed the deadline to file his opposition (January 5, 2021). This Court *sua sponte* afforded Mr. Storman an additional two weeks to respond.[1] Mr. Storman will apparently miss this deadline too.

**B.     Mr. Storman's Request for a Two Month Extension Should be Denied**

First, Mr. Storman's motion should be denied as procedurally improper. As a general rule, pursuant to LR 6-1, motions are noticed for the first available hearing date 28 days after filing. If Mr. Storman intended to shorten the time for his motion to be heard, he was required to file an *ex parte* application for an order shortening time, following the requirements imposed by LR 7-19. The Court's website and standing order have *ex parte* instructions:

///

///

///

---

[1] Because of Mr. Storman's delay, the new summary judgment schedule overlapped with pre-trial deadlines. Thus, on January 15, 2021, the parties conferred regarding extending the Pre-Trial Conference and Jury Trial dates. Mr. Storman agreed to this extension but made no mention of needing an extension of the summary judgment deadlines. If his request is granted, for the same reasons expressed in the parties' Stipulation to Continue Pre-Trial Conference and Trial Date (Dkt. No. 56), Nintendo respectfully requests that the Pre-Trial Conference and Jury Trial dates are extended by a similar amount of time.

-3-

151137929.1

**Website** (https://www.cacd.uscourts.gov/honorable-consuelo-b-marshall):

> Procedures for filing an EXPARTE Application: Counsel shall comply with Local Rule 7-19 and 7-19.1. Ex Parte Application shall stand submitted until further order of Court. Counsel are to alert the Courtroom Deputy by email at yolanda_skipper@cacd.uscourts.gov (link sends e-mail) or by phone when you file an exparte that affects a hearing date.

**Standing Order** (Dkt. No. 12):

> 10. Ex Parte Applications:
> Counsel are reminded ex parte applications are solely for extraordinary relief. Applications that do not meet the requirements set forth in Local Rules 7-19 will not be considered. The Court considers ex parte applications on the papers and usually does not set these matters for hearing.

If Mr. Storman did not intend this motion to be brought *ex parte*, then he violated L.R. 7-3 by failing to confer with Nintendo prior to filing the motion. He certainly had opportunity to do so. Indeed, the parties conferred on January 15, 2021 regarding stipulating to a case extension *due to the overlapping deadlines created by the extended summary judgment schedule*. During that conference, Mr. Storman did not indicate he would need more time for his summary judgment response, which would have been material to the stipulation to extend the case schedule. Thus, because Mr. Storman did not comply with numerous local rules regarding motion practice and/or *ex parte* applications, the Court should not consider—or simply deny—his request.

Second, in the event the Court does not strike Mr. Storman's motion for violating L.R. 6-1, L.R. 7-3, and L.R. 7-19, the Court should still deny Mr. Storman's request for failing to show good cause. As detailed above, at every turn, Nintendo has obliged Mr. Storman's requests for extensions or worked around his delays. It has caused Nintendo to expend significant time and money pursuing belated discovery, preparing for cancelled settlement conferences, and participating in multiple Informal Discovery Conferences. At this point in the litigation, a month after Nintendo filed its Motion for Summary Judgment, Nintendo cannot agree to *another* 60-day extension.

151137929.1

Mr. Storman has not demonstrated good cause for this extension. He makes no mention of his efforts to timely comply, nor the reason for missing his initial deadline to respond to Nintendo's motion. While Nintendo understands and appreciates the complications posed by the COVID-19 pandemic, *pro se* clinics have been and are still open and available. Mr. Storman has no legitimate excuse for his delays. He is due no extra time to respond, and his Motion should be denied.

## II.  CONCLUSION

For all the above reasons, Nintendo respectfully requests the Court deny Mr. Storman's motion.

DATED: January 26, 2021          **PERKINS COIE LLP**

By: */s/ Katherine M. Dugdale*
Katherine M. Dugdale
William C. Rava (appearing *pro hac vice*)
Christian W. Marcelo (appearing *pro hac vice*)

Attorneys for Plaintiff
NINTENDO OF AMERICA INC.

151137929.1