1  Matthew Storman
   1601 E Ruddock St.
2  Covina, CA 91724
   (626) 833-6327
3  matthewstorman@gmail.com

4

5  MATTHEW STORMAN, IN PRO PER

6

7

8                **UNITED STATES DISTRICT COURT**

9                **CENTRAL DISTRICT OF CALIFORNIA**

10 NINTENDO OF AMERICA INC.,          ) Case No. 2:19-CV-07818-CBM-RAO
   a Washington corporation           )
11                                     ) **DEFENDANT MATTHEW STORMAN'S**
                    Plaintiff(s),      ) **VERIFIED RESPONSE AND**
12                                     ) **OPPOSITITION TO PLAINTIFF**
        vs.                            ) **NINTENDO OF AMERICA'S MOTION**
13                                     ) **FOR SUMMMARY JUDGMENT**
   MATTHEW STORMAN, an individual, JOHN)
14 DOES 1-10, individuals and/or corporations, )
                                       ) Date:   March 23rd, 2021
15                                     ) Time:  10:00am
                    Defendant(s).      ) Ctrm:  #8B
16                                     )
                                       )
17                                     )
                                       )
18 _____ )

19      Comes this day, Defendant Matthew Storman ("Defendant"), proceeding *pro se*, and

20 pursuant to Rule 56 of the Federal Rules of Civil Procedure, who hereby responses to, and opposes,

21 Plaintiff Nintendo of American, Inc.'s Motion to Summary Judgment (Doc. 54). Because there are

22 material facts in dispute and the Plaintiff is not entitled to judgment as a matter of law, the

23 Plaintiff's Motion must be overruled and denied.

24      In support of his response and opposition, Defendant Storman respectfully represents as

25 follows:

26

27

28

## **STANDARD OF REVIEW**

Federal Rule of Civil Procedure 56(c) provides for summary judgment when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." The moving party bears the initial burden of demonstrating the absence of a "genuine issue of material fact for trial." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 256, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). A fact is material if it could affect the outcome of the suit under the governing substantive law. *Id.* at 248, 106 S.Ct. 2505. The burden then shifts to the nonmoving party to establish, beyond the pleadings, that there is a genuine issue for trial. *Celotex Corp. v. Catrett,* 477 U.S. 317, 324, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986).

"When the party moving for summary judgment would bear the burden of proof at trial, it must come forward with evidence which would entitle it to a directed verdict if the evidence went uncontroverted at trial. In such a case, the moving party has the initial burden of establishing the absence of a genuine issue of fact on each issue material to its case." *C.A.R. Transportation Brokerage Co., Inc. v. Darden Restaurants, Inc.,* 213 F.3d 474, 480 (9th Cir.2000) (citations omitted). In contrast, when the non-moving party bears the burden of proving the claim or defense, the moving party can meet its burden by pointing out the absence of evidence from the non-moving party; the moving party need not disprove the other party's case. *Celotex,* 477 U.S. at 325, 106 S.Ct. 2548. Thus, "[s]ummary judgment for a defendant is appropriate when the plaintiff `fails to make a showing sufficient to establish the existence of an element essential to [her] case, and on which [she] will bear the burden of proof at trial.'" *Id.* at 322, 106 S.Ct. 2548.

When the moving party meets its burden, the "adverse party may not rest upon the mere allegations or denials of the adverse party's pleadings, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial." Fed.R.Civ.P. 56(e). Summary judgment will be entered against the non-moving party if that party does not present such specific facts. *Id.* Only admissible evidence may be

1   considered in deciding a motion for summary judgment. *Id.; Beyene v. Coleman Sec. Serv.,*
2   *Inc.,* 854 F.2d 1179, 1181 (9th Cir. 1988).

3         "[I]n ruling on a motion for summary judgment, the nonmoving party's evidence `is to be
4   believed, and all justifiable inferences are to be drawn in [that party's] favor.'" *Hunt v.*
5   *Cromartie,* 526 U.S. 541, 119 S.Ct. 1545, 1551-52, 143 L.Ed.2d 731 (1999) (*citing Anderson,* 477
6   U.S. at 255, 106 S.Ct. 2505). But the non-moving party must come forward with more than "the
7   mere existence of a scintilla of evidence." *Anderson,* 477 U.S. at 252, 106 S.Ct. 2505. Thus,
8   "[w]here the record taken as a whole could not lead a rational trier of fact to find for the nonmoving
9   party, there is no genuine issue for trial." *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio*
10   *Corp.,* 475 U.S. 574, 587, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986) (citation omitted).

11         **<u>MATTHEW STORMAN'S STATEMENT OF DISPUTED FACTS</u>**

12         1.      Pursuant to Local Rule 56-1, Defendant Matthew Storman hereby submits its
13   Statement of Uncontroverted Facts and Conclusions of Law in support of his response and
14   objections to the Plaintiff's Motion for Summary Judgment. These unconverted facts are supported
15   by the Declaration of Matthew Storman, attached hereto.

16         2.      My name is Matthew Storman, proceeding *in pro per*. I am over the age of 18,
17   competent to testify, and my testimony herein is based upon my person knowledge of the facts
18   relevant to the above-styled matter, to which I am the Defendant.

19         3.      Nintendo develops, markets, and distributes electronic video game hardware,
20   software, and related accessories, but not those at issue in this case.

21         4.      In or around 2009, Mr. Storman purchased the domain name and website located at
22   NDSUniverse.com ("NDSUniverse").

23         5.      RomUniverse denies and disputes that it offered for download and distributed pirated
24   ROMs of thousands of Nintendo games, including pirated ROMs of games for the Super Nintendo
25   Entertainment System (Super NES), Nintendo Entertainment System (NES), Game Boy, Game Boy
26
27
28

1  Advance, Game Boy Color, Nintendo 64, Nintendo DS, Nintendo 3DS, Wii, and the Nintendo

2  Switch.

3      6.      The defendant, although the owner of the website, is not solely responsible for the

4  content that exists on RomUniverse.  Other users/admins upload content to the website and at no

5  time has any content been verified by the uploaders of the alleged files that violate Plaintiff's

6  

7  alleged copyrights.

8      7.       Defendant denies and disputes that he knowingly and willingly distributed pirated

9  ROMs of Nintendo video games.

10     8.      Defendant denies and disputes that he uploaded any files to said website and at no

11  time did he verify the content of said ROM file.  A file with a title of Mario Brothers does not mean

12  

13  that said file contains Nintendo's copyrighted video game.

14     9.      Defendant, and other admins had control of every aspect of the website and its

15  accessibility.  Every Admin had access equally.

16     10.      RomUniverse does not and has no control of content uploaded to website.  Plaintiff

17  Nintendo has recognized RomUniverse of its service provider status by requesting that and in order

18  to prevent further legal action that the website remove specific alleged copyrighted content.

19     11.      Defendant denies and disputes that Non-Paying users of RomUniverse were limited

20  to one free download of files on the website.  All users could download as many files as they chose

21  

22  with a download speed limitation.  Plaintiff is alleging that all content on the website

23  RomUniverse.com is their alleged copyright, this is a false statement.

24     12.      Defendant denies and disputes that he posted said tweet.  Other admins had access to

25  the Twitter account.

26     13.      Defendant denies and disputes that he provided notices via Discord.  Notices were

27  provided by users and other admins.

28

14.     Any and all other allegations not expressly admitted herein are hereby denied.

**THE PLAINTIFF IS NOT ENTITLED TO JUDGMENT AS A MATTER OF LAW**

To establish copyright infringement, the plaintiff must prove two elements: (1) ownership of valid copyright, and (2) copying of constituent elements of the work that are original. *Feist Publs., Inc. v. Rural Tel. Serv. Co., Inc.,* 499 U.S. 340, 360, 111 S.Ct. 1282, 1296, 113 L.Ed.2d 358 (1991).

"[T]he courts have uniformly held that common law and statutory trademark infringement are merely specific aspects of unfair competition." *Hokto Kinoko Co. v. Concord Farms, Inc.,* 810 F.Supp.2d 1013, 1031 (C.D.Cal.2011) (citing New *West Corp. v. NYM Co. of California, Inc.,* 595 F.2d 1194, 1201 (9th Cir.1979)); *see also Grey v. Campbell Soup Co.,* 650 F.Supp. 1166, 1173 (C.D.Cal.1986) ("The tests for infringement of a federally registered mark under § 32(1), 15 U.S.C. § 1114(1), infringement of a common law trademark, unfair competition under § 43(a), 15 U.S.C. § 1125(a), and common law unfair competition involving trademarks are the same").

A claim for false designation of origin under 15 U.S.C. § 1125 requires proof of the same elements as a claim for trademark infringement under 15 U.S.C. § 1114. *Brookfield Commc'ns, Inc. v. West Coast Entm't Corp.,* 174 F.3d 1036, 1046 n. 6 (9th Cir.1999) (citing 15 U.S.C. §§ 1114(1) & 1125; *AMF Inc. v. Sleekcraft Boats,* 599 F.2d 341, 348 (9th Cir.1979)). Furthermore, the Ninth Circuit "has consistently held that state common law  claims of unfair competition ... are `substantially congruent' to claims made under the Lanham Act." *Cleary v. News Corp.,* 30 F.3d 1255, 1262-63 (9th Cir.1994) (citing *Academy of Motion Picture Arts & Scis. v. Creative House Promotions, Inc.,* 944 F.2d 1446, 1457 (9th Cir.1991)).

To prove a claim of trademark infringement, a plaintiff must show: (1) that it has a valid, protectable trademark, and (2) that defendant's use of the mark is likely to cause confusion. *Applied Info. Scis. Corp. v. eBay, Inc.,* 511 F.3d 966, 969 (9th Cir.2007) (citing *Brookfield Commc'ns,* 174 F.3d at 1047, 1053); *Reno Air Racing Ass'n, Inc. v. McCord,* 452 F.3d 1126, 1134 (9th Cir.2006) ("A claim of trademark infringement under § 1114(1)(a) of the Lanham Act requires a trademark holder to demonstrate: (1) ownership of a valid mark (i.e., a protectable interest), and (2) that the alleged infringer's use of the mark is likely to cause confusion, or to cause mistake, or to

1  deceive consumers") (internal quotes omitted) (quoting *Permanent Make-Up, Inc. v. Lasting*
2  *Impression I, Inc.,* 408 F.3d 596, 602 (9th Cir.2005)).

3        Whereas there are material facts in dispute as to the marks at issue in this case along with
4  their ownership, the Plaintiff is not entitled to judgment as a matter of law and therefore the
5  Plaintiff's Motion for Summary Judgment must be overruled.

6  **<u>CONCLUSION</u>**

7        WHEREFORE, Defendant Matthew Storman ("Defendant"), proceeding *pro se*, and
8  pursuant to Rule 56 of the Federal Rules of Civil Procedure hereby asserts that whereas there are
9  material facts in dispute and the Plaintiff is not entitled to judgment as a matter of law, or that this
10 Court will allow and provide an oral hearing on the same prior to any adverse ruling to avoid the
11 carriage of justice that will otherwise result.

12                                   Respectfully Submitted,

13

14       DATED: February 23, 2021

15                                 /s/ Matthew Storman
16                                 Matthew Storman
                                   1601 E Ruddock St.
17                                 Covina, CA 91724
                                   (626) 833-6327
18                                 matthewstorman@gmail.com

19

20

21

22

23

24

25

26

27

28

DEFENDANT MATTHEW STORMAN'S VERIFIED RESPONSE AND OPPOSITION
TO PLAINTIFF NINTENDO OF AMERICA'S MOTION FOR SUMMMARY JUDGMENT

## <u>DECLARATION OF MATTHEW STORMAN</u>

I, the undersigned, being of sound minds and competent to testify as to the truthfulness of the statements made hereinabove, after being duly sworn, under the pains and penalties of perjury, hereby certify that I have read the foregoing document, and hereby affirm that I have personal knowledge of the facts therein, and to the best of my knowledge, information, and belief, the foregoing is true and correct.

I understand that I am swearing or affirming under oath to the truthfulness of the claims made in this motion and that the punishment for knowingly making a false statement includes fines and/or imprisonment.

Executed : February 23rd 2021, at Covina, California.

/s/ Matthew Storman

Matthew Storman
1601 E Ruddock St.
Covina, CA 91724
(626) 833-6327
matthewstorman@gmail.com

DEFENDANT MATTHEW STORMAN'S VERIFIED RESPONSE AND OPPOSITION
TO PLAINTIFF NINTENDO OF AMERICA'S MOTION FOR SUMMMARY JUDGMENT

**<u>CERTIFICATE OF SERVICE</u>**

I, the undersigned, hereby certifies that on the 23rd day of February 2021, that a true and

complete copy of the foregoing motion was served via the ECF/CM system, upon:

Katherine M. Dugdale, Bar No. 168014
KDugdale@perkinscoie.com
PERKINS COIE LLP
1888 Century Park E., Suite 1700
Los Angeles, CA  90067-1721
Telephone:  310.788.9900
Facsimile:  310.788.3399

William C. Rava (appearing pro hac vice)
Christian W. Marcelo (appearing pro hac vice)
WRava@perkinscoie.com
CMarcelo@perkinscoie.com
PERKINS COIE LLP
1201 Third Avenue, Suite 4900
Seattle, WA  98101
Telephone:  206.359.8000
Facsimile:  206.359.9000

Attorneys for Plaintiff
Nintendo of America Inc.

DATED: February 23rd, 2021

*/s/ Matthew Storman*
Matthew Storman
1601 E Ruddock St.
Covina, CA 91724
(626) 833-6327
matthewstorman@gmail.com

DEFENDANT MATTHEW STORMAN'S VERIFIED RESPONSE AND OPPOSITION
TO PLAINTIFF NINTENDO OF AMERICA'S MOTION FOR SUMMMARY JUDGMENT