Matthew Storman
1601 E Ruddock St.
Covina, CA 91724
(626) 833-6327
matthewstorman@gmail.com

MATTHEW STORMAN, IN PRO PER

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| NINTENDO OF AMERICA INC., a Washington corporation<br><br>Plaintiff(s),<br><br>vs.<br><br>MATTHEW STORMAN, an individual, JOHN DOES 1-10, individuals and/or corporations,<br><br>Defendant(s). | Case No. 2:19-CV-07818-CBM-RAO<br><br>**DEFENDANT'S RESPONSE** IN RE: MINUTE IN CHAMBERS ORDER RE: PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT |

COMES THIS DAY, in accordance with this Court's Order (Doc. 66), Defendant Matthew Stroman, proceeding *in pro per*, hereby asserts that Plaintiff Nintendo of America, Inc., cannot and does not have a cognizable trademark infringement claim against Defendant Storman, in light of the decisions of *Dastar Corp. 11. Twentieth Century Fox Film Corp.*, 539 U.S. 23 (2003), and *Slep-Tone Entm 't Corp. Wired for Sound Karaoke & DJ Servs., LLC*, 845 F.3d 1246 (9th Cir. 2017).

Whereas there is no legitimate confusion as to the Owner of marks at issue in the case and the Defendant has not used those marks in connection with the sale, offering for sale, distribution, or advertising, the Plaintiff cannot maintain a cognizable claim against the Defendant.

***Dastar Corp. 11. Twentieth Century Fox Film Corp.*  
539 U.S. 23 (2003)**

Numerous courts in this circuit and district have applied the reasoning of the US Supreme Court decision in *Dastar Corp. v. Twentieth Century Fox Film Corp.*, 539 U.S. 23 (2003) to determine that Lanham Act claims based on the alleged unauthorized use of a person's likeness in a copyrighted work are preempted under the Copyright Act. See e.g. *Slep-Tone Entm't Corp. v. Wired for Sound Karaoke & DJ Servs., LLC*, 845 F.3d 1246, 1250 (9th Cir. 2017) ("When the claim is more accurately conceived of as attacking unauthorized copying, *Dastar* requires us to avoid recognizing a "species of mutant copyright law" by making such claims cognizable under the Lanham Act."); *Meribear Prods., Inc. v. Vail*, 2014 WL 12597609, at *3 (C.D. Cal. Aug. 5, 2014) ("*Dastar* controls this case. MBH's Section 43(a) claim is premised on the theory that Defendants essentially plagiarized MBH's design work by presenting it as Vail's work."); Lauter v. Rosenblatt, 2017 WL 6205784, at *7 (C.D. Cal. Dec. 6, 2017) ("Because that unauthorized distribution falls squarely within the Copyright Act, Plaintiff's Lanham Act claim against EBAC is preempted."); *Lions Gate Entm't Inc. v. TD Ameritrade Servs. Co., Inc.*, 170 F. Supp. 3d 1249, 1265 (C.D. Cal. 2016) ("The same kind of preemption principle applies for federal Lanham Act causes of action as for state and common-law causes of action.") *Carranza v. Lideres Entm't Grp.*, 2009 WL 10675974, at *3 (C.D. Cal. June 29, 2009) ("In addition, UMG correctly notes that all of Plaintiff's Lanham Act claims . . . as currently alleged, would be preempted by the Copyright Act as explained by the Supreme Court in *Dastar Corp. v. Twentieth Century Fox Film Corp.*, 539 U.S. 23 (2003).

In this case, Plaintiff is essentially claiming in these causes of action that Defendant took it's work and reproduced, distributed, and sold it—all rights protected by the Copyright Act.") See also *Basil v. New Razor & Tie Enterprises, LLC*, 2018 WL 3869480, at *4 (C.D. Cal. Feb. 14, 2018) ("Basil's Lanham Act claim alleges no well-pleaded facts that would support a claim that is not preempted by the Copyright Act …. The Court therefore dismisses the SAC's Lanham Act claim."); *Aquawood, LLC v. Toys "R" Us-Delaware, Inc.*, 2016 WL 10576620, at *3 (C.D. Cal. Mar. 10, 2016) (dismissing unfair competition claims because they were preempted by the Copyright Act).

Section 43(a) of the Lanham Act provides, in pertinent part, that "any person who… uses in commerce any word, term, name, symbol, or device, or any combination thereof, or any false designation of origin, false or misleading description of fact, or false or misleading representation of fact, which … is likely to cause confusion, or to cause mistake, or to deceive as to the … sponsorship, or approval of his or her goods, services… shall be liable in a civil action by any person who believes that he or she is or is likely to be damaged by such act." 15 U.S.C. § 1125(a)(1). Thus, in order to state a claim under the Lanham Act, the Plaintiff must establish that Defendant's conduct created a likelihood of confusion as to whether he was endorsing Nintendo 's products. See *White v. Samsung Elecs. Am., Inc.*, 971 F.2d 1395, 1399 (9th Cir. 1992).

"Under the law of false endorsement, likelihood of customer confusion is the determinative issue." Cairns v. Franklin Mint Co., 292 F.3d 1139, 1149 (9th Cir. 2002). "[N]ot all uses of a [person's] image are actionable under § 1125(a). Only uses which suggest sponsorship or approval are prohibited." *Cairns v. Franklin Mint Co.*, 107 F. Supp. 2d 1212, 1214 (C.D. Cal. 2000). The Lanham Act "prohibits only false endorsement, not mere use of an image or name." *Id.* "The 'likelihood of confusion' inquiry generally considers whether a reasonably prudent consumer in the marketplace is likely to be confused as to the origin or source of the goods or services bearing one of the marks or names at issue in the case." *Rearden LLC v. Rearden Commerce, Inc.*, 683 F.3d 1190, 1209 (9th Cir. 2012). "To succeed, a plaintiff must show more than simply a possibility of such confusion." *Id.*[1]

Because the no reasonable person would be confused regarding the Defendant's alleged website and the Nintendo Brand, in accordance with *Dastar Corp. 11. Twentieth Century Fox Film Corp.*, 539 U.S. 23 (2003), the Plaintiff does not have a cognizable trademark infringement claim against Defendant Storman.

---

[1] Courts look to eight factor when determining whether there is a likelihood of confusion: (1) strength of the mark; (2) proximity of the goods; (3) similarity of the marks; (4) evidence of actual confusion; (5) marketing channels used; (6) type of goods and the degree of care likely to be exercised by the purchaser; (7) defendant's intent in selecting the mark; and (8) likelihood of expansion of the product lines." *Id.*

***Slep-Tone Entm 't Corp. Wired for Sound Karaoke & DJ Servs., LLC***
**845 F.3d 1246 (9th Cir. 2017)**

In *Slep-Tone Entertainment Corp. v. Wired for Sound Karaoke & DJ Servs., LLC* the US Court of Appeals for the Ninth Circuit upheld a district court decision granting summary judgment to a defendant that its use of digital files did not infringe plaintiff's trademark or trade dress for its CD-Gs (compact discs incorporating graphics, lyrics and music that accompany performances by karaoke singers). Case No. 14-17229 (9th Cir., Jan. 18, 2017) (*per curiam*).

Slep-Tone Entertainment, a manufacturer of CD-Gs played by karaoke operators in conjunction with performances by karaoke singers, brought suit against Wired for Sound Karaoke & DJ Services for trademark infringement and unfair competition. The district court granted summary judgment to Wired as to the trademark and unfair competition causes of action on the grounds that "ripping" the content of Slep-Tone's CD-Gs onto Wired's computer hard drive for ease of playback (*i.e.*, eliminating the need to change discs in between performances) was not likely to confuse consumers as to the source of the tangible goods sold by Slep-Tone. The Ninth Circuit agreed but nevertheless remanded the case back to the district court for consideration of the breach of contract claims, since double recovery was no longer a possibility.

In 2009, Slep-Tone brought suit against Wired for its use of the unauthorized computer files instead of the original CD-Gs. The parties settled the previous suit in 2010, but Slep-Tone again filed suit after learning of continuing use of such files. In its second complaint, Slep-Tone argued that when Wired played the songs that were performed, Slep-Tone's trademarks and trade dress were displayed, and therefore the consuming public would be confused as to the source of origin of the CD-G goods. The Ninth Circuit agreed with the district court that there was no likelihood of confusion—the appropriate test for both trademark infringement and unfair competition—as the content stored on the CD-Gs does not meet the definition of a relevant "good" as defined by the Supreme Court of the United States and the Lanham Act.

Specifically, the Ninth Circuit cited to the Supreme Court's 2003 discussion in *Dastar Corp. v. Twentieth Century Fox Film Corp.* that "origin of goods," for purposes of Lanham Act claims, must "refer[] to the producer of the tangible goods that are offered for sale, and not to the author of

any idea, concepts, or communication embodied in those goods." *Dastar* refuted the notion that a "species of mutant copyright law" could be used to prohibit unauthorized copying of content stored on physical goods, when those goods (here, the CD-Gs) are typically never viewed by the public or even noted by them. Relevant consumers in this context never see the digital files on the hard drive of the operator's karaoke system, nor does Wired sell the files or make representations about them to the performers or audience. Because Wired did not use Slep-Tone's marks "in connection with the sale, offering for sale, distribution, or advertising" of the ripped files on its hard drive, there was no actionable claim under the Lanham Act for trademark infringement or unfair competition, as both require a likelihood of confusion as to the source of the goods.

Because Plaintiff Nintendo has not and cannot prove to any reasonable jurist that Defendant Storman has not used Nintendo's marks in connection with the sale, offering for sale, distribution, or advertising, Plaintiff Nintendo cannot maintain a cognizable trademark infringement claim against Defendant Storman in accordance with *Slep-Tone Entm 't Corp. Wired for Sound Karaoke & DJ Servs., LLC*, 845 F.3d 1246 (9th Cir. 2017)

Respectfully Submitted,

DATED: March 27, 2021

/s/ Matthew Storman
Matthew Storman
1601 E Ruddock St.
Covina, CA 91724
(626) 833-6327
matthewstorman@gmail.com

## DECLARATION OF MATTHEW STORMAN

I, the undersigned, being of sound minds and competent to testify as to the truthfulness of the statements made hereinabove, after being duly sworn, under the pains and penalties of perjury, hereby certify that I have read the foregoing document, and hereby affirm that I have personal knowledge of the facts therein, and to the best of my knowledge, information, and belief, the foregoing is true and correct.

I understand that I am swearing or affirming under oath to the truthfulness of the claims made in this motion and that the punishment for knowingly making a false statement includes fines and/or imprisonment.

DATED: March 27, 2021

_/s/ Matthew Storman_
Matthew Storman
1601 E Ruddock St.
Covina, CA 91724
(626) 833-6327
matthewstorman@gmail.com

DEFENDANT MATTHEW STORMAN'S RESPONSE AND OPPOSITITION
TO PLAINTIFF NINTENDO OF AMERICA'S MOTION FOR SUMMARY JUDGMENT

# CERTIFICATE OF SERVICE

I, the undersigned, hereby certifies that on the 27th day of March 2021, that a true and complete copy of the foregoing motion was served via the ECF/CM system, upon:

Katherine M. Dugdale, Bar No. 168014
KDugdale@perkinscoie.com
PERKINS COIE LLP
1888 Century Park E., Suite 1700
Los Angeles, CA  90067-1721
Telephone:  310.788.9900
Facsimile:  310.788.3399

William C. Rava (appearing pro hac vice)
Christian W. Marcelo (appearing pro hac vice)
WRava@perkinscoie.com
CMarcelo@perkinscoie.com
PERKINS COIE LLP
1201 Third Avenue, Suite 4900
Seattle, WA  98101
Telephone:  206.359.8000
Facsimile:  206.359.9000

Attorneys for Plaintiff
Nintendo of America Inc.

DATED: March 27th, 2021

/s/ Matthew Storman
Matthew Storman
1601 E Ruddock St.
Covina, CA 91724
(626) 833-6327
matthewstorman@gmail.com

DEFENDANT MATTHEW STORMAN'S RESPONSE AND OPPOSITITION
TO PLAINTIFF NINTENDO OF AMERICA'S MOTION FOR SUMMMARY JUDGMENT