Katherine M. Dugdale, Bar No. 168014
KDugdale@perkinscoie.com
PERKINS COIE LLP
1888 Century Park E., Suite 1700
Los Angeles, CA  90067-1721
Telephone:  310.788.9900
Facsimile:  310.788.3399

William C. Rava (appearing *pro hac vice*)
Christian W. Marcelo (appearing *pro hac vice*)
WRava@perkinscoie.com
CMarcelo@perkinscoie.com
PERKINS COIE LLP
1201 Third Avenue, Suite 4900
Seattle, WA  98101
Telephone:  206.359.8000
Facsimile:  206.359.9000

Attorneys for Plaintiff
Nintendo of America Inc.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| NINTENDO OF AMERICA INC., a Washington corporation<br><br>Plaintiff,<br><br>v.<br><br>MATTHEW STORMAN, an individual, JOHN DOES 1-10, individuals and/or corporations,<br><br>Defendant. | Case No. 2:19-CV-07818-CBM-RAO<br><br>**NINTENDO'S MEMORANDUM IN SUPPORT OF MOTION FOR RECONSIDERATION**<br><br>Date:     July 13, 2021<br>Time:     10:00 a.m.<br>Ctrm:     #8B<br><br>The Honorable Consuelo B. Marshall |

152688847.4

## I. INTRODUCTION

Plaintiff Nintendo of America Inc. ("Nintendo") respectfully asks the Court to reconsider only one aspect of its May 27, 2021 Order (Dkt. No. 75) (the "Order") granting in part Nintendo's Motion for Summary Judgment (the "Motion"). Specifically, for the reasons described below, Nintendo respectfully asks the Court to reconsider its denial of a permanent injunction.

## II. BACKGROUND

**A. Procedural History**

On Tuesday, December 29, 2020, Nintendo filed its Motion seeking summary judgment on its claims for copyright infringement, trademark infringement, and state law claims for unlawful business practices. Dkt. No. 52 & 52-1. In addition to seeking statutory damages and attorney's fees, Nintendo requested a permanent injunction enjoining Mr. Storman from further infringing Nintendo's intellectual property. *Id.* at 21-23; *see also* Dkt. No. 52-10 (Nintendo's Proposed Permanent Injunction).

Mr. Storman filed his Response on February 25, 2021. Dkt. No. 63. Mr. Storman did not make any arguments in opposition to (nor did he even mention) Nintendo's request for a permanent injunction in his response. *Id.*

On May 27, 2021, this Court entered the Order, granting in part and denying in part Nintendo's Motion. Dkt. No. 75. In particular, this Court:

    (1) held that Mr. Storman willfully infringed Nintendo's copyrights and trademarks;

    (2) granted Nintendo statutory damages for both copyright and trademark infringement totaling $2,115,000;

    (3) held that Nintendo is entitled to reasonable fees for its copyright claims and requested additional briefing if Nintendo seeks attorney's fees under the Lanham Act; and

1         (4) denied Nintendo's request for a permanent injunction.

2     Regarding the permanent injunction, this Court concluded that Nintendo failed to demonstrate it would suffer irreparable injury without an injunction or that an inadequate remedy at law exists. Order at 15-16. It recognized that "any hardship from enjoining Defendant from infringing Plaintiff's copyrights and trademark rights is irrelevant in determining whether to issue an injunction[,]" but ultimately found that the factor was neutral because Mr. Storman had recently disabled his website. *Id.* Finally, this Court concluded that the public interest factor weighed in favor of issuing a permanent injunction. *Id.*

    After briefing on summary judgment was complete, on April 14, 2021, in response to the sanctions issue, Mr. Storman filed a declaration stating he was unable to pay the $3,100 in sanctions this Court had ordered him to pay for his various discovery violations. Dkt. No. 69.

**B.  Trademark Modernization Act**

    On Sunday, December 27, 2020, two days before Nintendo filed its Motion, the Trademark Modernization Act (the "TMA") was signed into law. The Trademark Modernization Act amended the Lanham Act in several ways. Relevant here, it codified that where a defendant is found to have violated the Lanham Act, a "plaintiff seeking any such injunction shall be entitled to a rebuttable presumption of irreparable harm … in the case of a motion for a permanent injunction …" 15 U.S.C. § 1116; *Kinsley Tech. Co., v. Ya Ya Creations, Inc. et al.*, No. 220CV04310, 2021 WL 2227394, at *4 (C.D. Cal. May 3, 2021) ("On December 27, 2020, Congress codified the rule that a plaintiff seeking a preliminary injunction to enjoin trademark infringement 'shall be entitled to a rebuttable presumption of irreparable harm upon a finding of ... likelihood of success on the merits.'")[1]

---

[1] The TMA resolved a circuit split regarding the effect of *eBay, Inc. v. MercExchange, LLC*, 547 U.S. 388 (2006) in which the Supreme Court held that there was no presumption of irreparable harm upon a showing of patent infringement. Prior to passage of the TMA, some

### III. ARGUMENT

When it filed its Motion on Tuesday, December 29, Nintendo was unaware that the Trademark Modernization Act had been signed into law two days earlier, on Sunday, December 27. For this reason, in its Motion, Nintendo did not reference the TMA or the presumption of irreparable harm it codified.[2] This codified presumption and Mr. Storman's actions subsequent to the completion of the summary judgment briefing demonstrate Nintendo's entitlement to and need for a permanent injunction. Thus, per Local Rule 7-18(a) and (b), Nintendo respectfully requests this Court reconsider its denial of Nintendo's permanent injunction (Dkt. No. 52-10) for three reasons.

*First,* because this Court found Mr. Storman liable for trademark infringement, Nintendo is entitled to a presumption of irreparable harm. 15 U.S.C. § 1116. Even without a specific discussion by the parties or Court,[3] the presumption of irreparable harm was the controlling law when the Order was entered and applied regardless of whether it was specifically discussed. L.R. 7-18(a); *see also Gallagher v. San Diego Unified Port Dist.*, 14 F. Supp. 3d 1380, 1388 (S.D. Cal. 2014), aff'd, 668 F. App'x 786 (9th Cir. 2016) (noting that courts have a "duty to apply current law to the cases before it in an effort to prevent

---

courts applied the holding in *eBay* to trademark infringement claims, including the Ninth Circuit, *see, e.g., Herb Reed Enterprises, LLC v. Fla. Ent. Mgmt., Inc.,* 736 F.3d 1239 (9th Cir. 2013). Congress has now resolved the circuit split by codifying the presumption of irreparable harm. The amendment to the Code, however, is still difficult to find, apparently due to the recency of its implementation. It is available on the website of the US House of Representatives, OLRC, at https://uscode.house.gov/view.xhtml?req=(title:15%20section:1116%20edition:prelim)%20OR%20(granuleid:USC-prelim-title15-section1116)&f=treesort&edition=prelim&num=0&jumpTo=true, but not reflected in other official government publications, e.g., https://www.govinfo.gov/content/pkg/USCODE-2014-title15/html/USCODE-2014-title15-chap22-subchapIII-sec1116.htm, and other commonly-referenced code sources, such as the Cornell Law School website, https://www.law.cornell.edu/uscode/text/15/1116.

[2] In his Response, Mr. Storman did not address Nintendo's request for a permanent injunction, and so neither party addressed the permanent injunction—or the enactment of the TMA—in any briefing after Nintendo's December 29 filing.

[3] Nintendo did not specifically discuss the newly-codified irreparable harm presumption but did cite to the statute—15 U.S.C. § 1116—in its request for a permanent injunction. Mot. at 21.

inconsistent application of the law" and finding that failure to cite to a recent Supreme Court decision on appeal did not waive argument on remand). Moreover, in his Response, Mr. Storman did not address Nintendo's request for a permanent injunction and so he did not (and could not) rebut the presumption. Dkt. No. 63. Thus, because irreparable harm should have been presumed and because Mr. Storman did not address or rebut that factor, the injunction factors weigh in favor of entering a permanent injunction.[4]

*Second*, Mr. Storman's recent actions have demonstrated there is a real risk that he continues to infringe Nintendo's intellectual property. L.R. 7-18(b). In the parties' recent meet-and-confer regarding this reconsideration request, Mr. Storman confirmed that he is considering relaunching the RomUniverse website to continue to distribute videogame ROMs for games from companies other than Nintendo. Declaration of William C. Rava ISO Motion for Reconsideration ("Rava Decl.") ¶ 2. Although he represented that he would not include any Nintendo content on the relaunched website, Mr. Storman's past actions tell a different story. For instance, for a full year after Nintendo initiated this lawsuit in September 2019, Mr. Storman continued to distribute thousands of Infringing ROMs through RomUniverse and actively uploaded infringing content. Mot. at 7-8; Dkt. No. 52-4 (Knudson Decl.) ¶ 7. Further, as this Court noted, when Nintendo previously notified Mr. Storman that content on his website infringed Nintendo's copyrights, Mr. Storman failed to take the content down. *See* Order at 10. And, of course, Mr. Storman repeatedly failed to comply with his discovery obligations, promises he made to comply, and Court orders requiring his compliance, during which time highly-relevant evidence mysteriously disappeared. Dkt. No. 51 (Rava Decl. ISO Nintendo's Request for Attorney's Fees and Costs); Dkt. No. 65 (Order re Monetary Sanctions). Consistent

---

[4] Analysis of the "irreparable harm" and "inadequate remedy" factors significantly overlap and the analysis of the two factors run parallel. *Metro-Goldwyn-Mayer Studios, Inc. v. Grokster, Ltd.*, 518 F. Supp. 2d 1197, 1219 (C.D. Cal. 2007).

with this behavior, even after Nintendo agreed to a very modest monthly sanctions payment plan in order to accommodate Mr. Storman's financial limitations (Dkt. No. 69), and after being so ordered by the Court (Dkt. Nos. 71 and 72), Mr. Storman failed make his first required payment, which was due on Monday, June 7, 2021. Rava Decl. ¶ 3. In short, because Mr. Storman has not demonstrated that he can be relied on or otherwise shown respect for intellectual property rights, Nintendo cannot simply rely on Mr. Storman's oft-broken promises. In the circumstances, a permanent injunction ensuring that he does not infringe Nintendo's rights is necessary.

*Third*, because Mr. Storman recently represented that he does not currently have assets sufficient to satisfy the $3,100 sanctions award much less the final judgment, Nintendo will likely be unable to collect the statutory damages awarded by this Court. After briefing on the Motion was complete, Mr. Storman filed a declaration claiming to be unable to pay this Court's $3,100 sanctions for his discovery violation due to poverty. Dkt. No. 69. Again, although Nintendo agreed to Mr. Storman's proposal to pay just $50 a month over the next five years (Dkt. No. 72), Mr. Storman failed to make even his first payment, due on June 7, 2021. Rava Decl. ¶ 3. Thus, absent a permanent injunction, Nintendo lacks an adequate remedy at law and will suffer irreparable harm. L.R. 7-18(b); s*ee also, e.g., Grokster*, 518 F. Supp. at 1219–20 (inability to collect payment from infringer supports finding irreparable harm and inadequacy of legal remedy and thus entry of injunction); *Columbia Pictures Indus., Inc. v. Fung*, No. 206CV05578, 2013 WL 12098334, at *1 (C.D. Cal. Aug. 5, 2013) (granting permanent injunction because it was "extremely unlikely that Defendants will be able fully to compensate Plaintiffs monetarily for the infringements Defendants have induced in the past, or the infringements they could induce in the future"); *Laguna Com. Cap., LLC v. Se. Texas EMS, LLC*, No. CV 11-09930 MMM PLAX, 2011 WL 6409222, at *6 (C.D.

Cal. Dec. 21, 2011) (granting injunction finding plaintiff was likely to suffer irreparable harm due to defendant's insolvency).

### IV. CONCLUSION

For all of the above reasons, Nintendo respectfully seeks reconsideration of its request for a permanent injunction.

DATED: June 9, 2021          **PERKINS COIE LLP**

By: */s/ Katherine M. Dugdale*
    Katherine M. Dugdale
    William C. Rava (appearing *pro hac vice*)
    Christian W. Marcelo (appearing *pro hac vice*)

Attorneys for Plaintiff
NINTENDO OF AMERICA INC.