Matthew Storman
1601 E Ruddock St.
Covina, CA 91724
(626) 833-6327
matthewstorman@gmail.com

MATTHEW STORMAN, IN PRO PER

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| NINTENDO OF AMERICA INC., a Washington corporation<br><br>Plaintiff(s),<br><br>vs.<br><br>MATTHEW STORMAN, an individual, JOHN DOES 1-10, individuals and/or corporations,<br><br>Defendant(s). | Case No. 2:19-CV-07818-CBM-RAO<br><br>**DEFENDANT MATTHEW STORMAN'S RESPONSE AND OPPOSITION TO PLAINTIFF NINTENDO OF AMERICA'S MOTION FOR RECONSIDERATION**<br><br>Date:<br>Time:<br>Ctrm: |

Comes this day, Defendant Matthew Storman ("Defendant"), proceeding *pro se*, and pursuant to Rule 59(e) of the Federal Rules of Civil Procedure, who hereby responses to, and opposes, Plaintiff Nintendo of American, Inc.'s Motion to Reconsideration (Doc. 76) because the grounds upon which the Plaintiff relies are not presented with newly discovered evidence, (2) the district court committed clear error or made an initial decision that was manifestly unjust, or (3) there is an intervening change in controlling law." *Zimmerman v. City of Oakland*, 255 F.3d 734, 740 (9th Cir. 2001). Therefore, as a matter of law, the Plaintiff's Motion must be denied.

In support of his response and opposition, Defendant Storman respectfully represents as follows:

## STANDARD OF REVIEW

Under Rule 59(e), a motion to amend or alter a judgment is appropriate "if (1) the district court is presented with newly discovered evidence, (2) the district court committed clear error or made an initial decision that was manifestly unjust, or (3) there is an intervening change in controlling law." *Zimmerman v. City of Oakland,* 255 F.3d 734, 740 (9th Cir. 2001).

"Whether to grant a motion for reconsideration [] is a matter within the court's discretion." *Daghlian v. DeVry Univ., Inc.,* 582 F. Supp. 2d 1231, 1251 (C.D. Cal. 2007). "A mere attempt by the moving party to reargue its position by directing [the court] to additional case law and arguments which it clearly could have made earlier, but did not is not the purpose of motions for reconsideration under Local Rule 7-18." *Duarte v. J.P. Morgan Chase Bank,* No. CV 13-1105-GHK (MANx), 2014 WL 12567787, at *1 (C.D. Cal. May 19, 2014) (alterations omitted) (citing *Yang Ming Marine Transp. Corp. v. Oceanbridge Shipping Int'l, Inc.,* 48 F. Supp. 2d 1049, 1057 (C.D. Cal 1999)).

The "manifest injustice" standard, *Chenault v. United States Postal Service,* 37 F.3d 535 (9th Cir. 1994) requires examination on a case-by-case basis of the nature of the rights and parties affected by a change in law, and the general equities of applying the changed law to the particular case at hand. *Bradley v. Richmond School Board,* 416 U.S. 696, 94 S.Ct. 2006, 40 L.Ed.2d 476 (1974); *Delta Computer v. Samsung Semiconductor,* 879 F.2d 662, 63-64 (9th Cir.1989).

## THE COURT RULED CORRECTLY WHEN IT DID NOT GRANT THE PLAINTIFF A PERMANENT INJUNCTION

Article 1, Section 8 of the U.S. Constitution provides that copyrights "promote the Progress of Science and useful arts." Hence, the "Framers intended copyright itself to be the engine of free expression. By establishing a marketable right to the use of one's expression, copyright supplies the economic incentive to create and disseminate ideas." *Harper & Row Publishers, Inc. v. Nation Enters.,* 471 U.S. 539, 558, 105 S.Ct. 2218, 85 L.Ed.2d 588 (1985); *see also Eldred v. Ashcroft,* 537 U.S. 186, 219, 123 S.Ct. 769, 154 L.Ed.2d 683 (2003) (noting that "copyright's purpose is to *promote* the creation and publication of free expression") (emphasis in original). In keeping with copyright's function, "the justification of the copyright law is the protection of

the *commercial* interest of the [ ]author. It is not to ... protect secrecy, but to stimulate creation by protecting its rewards." *Salinger,* 607 F.3d at 81 n. 9 (quoting *New Era Publ'ns Int'l, ApS v. Henry Holt & Co.,* 695 F.Supp. 1493, 1526 (S.D.N.Y. 1988)).

The Copyright Act, 17 U.S.C. § 504, provides that the copyright holder may elect either actual damages or statutory damages as a remedy for copyright infringement. *Harris v. Emus Records Corp.,* 734 F.2d 1329, 1335 (9th Cir.1984). Sega has elected to seek a statutory damage award under 17 U.S.C. § 504(c)(2).

The Copyright Act provides that where the infringement was committed "willfully, the court in its discretion may award statutory damages in a sum of not more than $100,000 for the infringement of each particular work. 17 U.S.C. § 504(c)(2). The court has wide discretion in determining the amount of statutory damages to be awarded. *Nintendo of America, Inc. v. Dragon Pacific Intl.,* 40 F.3d 1007, 1010 (9th Cir.1994), *cert. denied* ___ U.S. ___, 115 S.Ct. 2256, 132 L.Ed.2d 263 (1995).

"To obtain a preliminary injunction, a party must show either (1) a likelihood of success on the merits and the possibility of irreparable injury, or (2) the existence of serious questions going to the merits and the balance of hardships tipping in [the movant's] favor. These two formulations represent two points on a sliding scale in which the required degree of irreparable harm increases as the probability of success decreases." *Diamontiney v. Borg,* 517*517 918 F.2d 793, 795 (9th Cir.1990) (internal quotations and citations omitted).

In other words, "[w]here a party can show a strong chance of success on the merits, he need only show a possibility of irreparable harm. Where, on the other hand, a party can show only that serious questions are raised, he must show that the balance of hardships tips sharply in his favor." *Bernard v. Air Line Pilots Ass'n, Int'l, AFL-CIO,* 873 F.2d 213, 215 (9th Cir.1989).

A court may order a permanent injunction "to prevent or restrain infringement of [the owner's] copyright." 17 U.S.C. § 502. Generally, a showing of copyright infringement liability and the threat of future violations is sufficient to warrant a permanent injunction. *MAI Systems,* 991 F.2d

at 520. In the instant case, the Plaintiff has failed to make it's showing and therefore the Court's order must stand.

### THE PLAINTIFF'S MOTION FOR RECONSIDERATION MUST BE DENIED

A motion for reconsideration under Rule 59(e) "should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed *clear error,* or if there is an intervening change in the controlling law." *389 Orange St. Partners v. Arnold,* 179 F.3d 656, 665 (9th Cir.1999) (emphasis added) (citing *School Dist. No. 1J v. ACandS, Inc.,* 5 F.3d 1255, 1263 (9th Cir.1993)).

Other an attempting to relitigate what the Court has already ruled upon, the Plaintiff makes no asserting at all that the Court clearly erred. Instead, it seems that the Plaintiff has filed the Motion solely for the purpose of generating attorney's fees from their client.

While Rule 59(e) permits a district court to reconsider and amend a previous order, the rule offers an "extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." 12 James Wm. Moore et al., Moore's Federal Practice § 59.30[4] (3d ed.2000). Indeed, "a motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law." *Kona,* 229 F.3d at 890 (citations omitted). A Rule 59(e) motion may not be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation. *Id.*

# CONCLUSION

WHEREFORE, Defendant Matthew Storman ("Defendant"), proceeding *pro se*, and pursuant to Rule 59(e) of the Federal Rules of Civil Procedure, who hereby responses to, and opposes, Plaintiff Nintendo of American, Inc.'s Motion to Reconsideration (Doc. 76) because the grounds upon which the Plaintiff relies are not presented with newly discovered evidence, (2) the district court committed clear error or made an initial decision that was manifestly unjust, or (3) there is an intervening change in controlling law, he hereby prays this Court will deny the same, as a matter of law, or that this Court will allow and provide an oral hearing on the same prior to any adverse ruling to avoid the carriage of justice that will otherwise result.

Respectfully Submitted,

DATED: June 22nd, 2021

   /s/ Matthew Storman
Matthew Storman
1601 E Ruddock St.
Covina, CA 91724
(626) 833-6327
matthewstorman@gmail.com

DEFENDANT MATTHEW STORMAN'S RESPONSE AND OPPOSITITION TO
PLAINTIFF NINTENDO OF AMERICA'S MOTION FOR RECONSIDERATION

## DECLARATION OF MATTHEW STORMAN

I, the undersigned, being of sound minds and competent to testify as to the truthfulness of the statements made hereinabove, after being duly sworn, under the pains and penalties of perjury, hereby certify that I have read the foregoing document, and hereby affirm that I have personal knowledge of the facts therein, and to the best of my knowledge, information, and belief, the foregoing is true and correct.

I understand that I am swearing or affirming under oath to the truthfulness of the claims made in this motion and that the punishment for knowingly making a false statement includes fines and/or imprisonment.

DATED: June 22nd, 2021

                                           */s/ Matthew Storman*
                                         Matthew Storman
                                         1601 E Ruddock St.
                                         Covina, CA 91724
                                         (626) 833-6327
                                         matthewstorman@gmail.com

DEFENDANT MATTHEW STORMAN'S RESPONSE AND OPPOSITION TO
PLAINTIFF NINTENDO OF AMERICA'S MOTION FOR RECONSIDERATION

## CERTIFICATE OF SERVICE

I, the undersigned, hereby certifies that on the 22nd day of June 2021, that a true and complete copy of the foregoing motion was served via the ECF/CM system, upon:

Katherine M. Dugdale, Bar No. 168014
KDugdale@perkinscoie.com
PERKINS COIE LLP
1888 Century Park E., Suite 1700
Los Angeles, CA  90067-1721
Telephone:  310.788.9900
Facsimile:  310.788.3399

William C. Rava (appearing pro hac vice)
Christian W. Marcelo (appearing pro hac vice)
WRava@perkinscoie.com
CMarcelo@perkinscoie.com
PERKINS COIE LLP
1201 Third Avenue, Suite 4900
Seattle, WA  98101
Telephone:  206.359.8000
Facsimile:  206.359.9000

Attorneys for Plaintiff
Nintendo of America Inc.

DATED: June 22nd, 2021

/s/ Matthew Storman
Matthew Storman
1601 E Ruddock St.
Covina, CA 91724
(626) 833-6327
matthewstorman@gmail.com