Matthew Storman
1601 E Ruddock St.
Covina, CA 91724
(626) 833-6327
matthewstorman@gmail.com

MATTHEW STORMAN, IN PRO PER

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| NINTENDO OF AMERICA INC., a Washington corporation<br><br>Plaintiff(s),<br><br>vs.<br><br>MATTHEW STORMAN, an individual, JOHN DOES 1-10, individuals and/or corporations,<br><br>Defendant(s). | Case No. 2:19-CV-07818-CBM-RAO<br><br>**DEFENDANT MATTHEW STORMAN'S MOTION FOR RECONSIDERATION**<br><br>Date:<br>Time:<br>Ctrm: |

Comes this day, Defendant Matthew Storman ("Defendant"), proceeding *pro se*, and pursuant to Rule 59(e) of the Federal Rules of Civil Procedure, who hereby moves this Court to reconsider its award of statutory damages to the Defendant because the grounds upon which the Court relies are contrary to the law, inconsistent with the facts, and lacking sufficient evidence to support it.

In support of his Motion, Defendant Storman respectfully represents as follows:

**STANDARD OF REVIEW**

Under Rule 59(e), a motion to amend or alter a judgment is appropriate "if (1) the district court is presented with newly discovered evidence, (2) the district court committed clear error or

- 1 -
DEFENDANT MATTHEW STORMAN'S MOTION FOR RECONSIDERATION

1 | made an initial decision that was manifestly unjust, or (3) there is an intervening change in
2 | controlling law." *Zimmerman v. City of Oakland,* 255 F.3d 734, 740 (9th Cir. 2001).
3 |     "Whether to grant a motion for reconsideration [] is a matter within the court's
4 | discretion." *Daghlian v. DeVry Univ., Inc.,* 582 F. Supp. 2d 1231, 1251 (C.D. Cal. 2007). "A mere
5 | attempt by the moving party to reargue its position by directing [the court] to additional case law
6 | and arguments which it clearly could have made earlier, but did not is not the purpose of motions
7 | for reconsideration under Local Rule 7-18." *Duarte v. J.P. Morgan Chase Bank,* No. CV 13-1105-
8 | GHK (MANx), 2014 WL 12567787, at *1 (C.D. Cal. May 19, 2014) (alterations omitted)
9 | (citing *Yang Ming Marine Transp. Corp. v. Oceanbridge Shipping Int'l, Inc.,* 48 F. Supp. 2d 1049,
10 | 1057 (C.D. Cal 1999)).
11 |     The "manifest injustice" standard, *Chenault v. United States Postal Service,* 37 F.3d 535
12 | (9th Cir. 1994) requires examination on a case-by-case basis of the nature of the rights and parties
13 | affected by a change in law, and the general equities of applying the changed law to the particular
14 | case at hand. *Bradley v. Richmond School Board,* 416 U.S. 696, 94 S.Ct. 2006, 40 L.Ed.2d 476
15 | (1974); *Delta Computer v. Samsung Semiconductor,* 879 F.2d 662, 63-64 (9th Cir.1989).

## THE COURT ERRED
## WHEN IT AWARDED STATUTORY DAMAGES TO THE PLAINTIFF

    "The copyright owner is entitled to recover the actual damages suffered by him or her as a result of the infringement, and any profits of the infringer that are attributable to the infringement and are not taken into account in computing the actual damages. In establishing the infringer's profits, the copyright owner is required to present proof only of the infringer's gross revenue, and the infringer is required to prove his or her deductible expenses and the elements of profit attributable to factors other than the copyrighted work." 17 U.S.C. § 504(b).

    Congress explicitly provides for two distinct monetary remedies — actual damages and recovery of wrongful profits. These remedies are two sides of the damages coin — the copyright holder's losses and the infringer's gains. "Actual damages are usually determined by the loss in the fair market value of the copyright, measured by the profits lost due to the infringement or by the value of the use of the copyrighted work to the infringer." *McRoberts Software, Inc. v. Media 100,*

*Inc.,* 329 F.3d 557, 566 (7th Cir.2003); *see also Mackie v. Rieser,* 296 F.3d 909, 914 (9th Cir.2002) (approving of recovery of reasonable license fee).

      To take away incentives for would-be infringers and "to prevent the infringer from unfairly benefitting from a wrongful act," the statute also provides for the recovery of wrongfully obtained profits resulting from the infringement. H.R.Rep. No. 94-1476, § 504, at 161 (1976), reprinted in 1976 U.S.C.C.A.N. 5659, 5777; *cf. Frank Music Corp. v. Metro-Goldwyn-Mayer, Inc.,* 772 F.2d 505, 517 (9th Cir.1985) ("*Frank I*") (interpreting the Copyright Act of 1909). These profits can be direct or indirect. Profits indirectly gained from infringements used in promotional efforts, as is the case here, fall squarely within the rubric of wrongful profits. *See generally, Andreas v. Volkswagen of Am., Inc.,* 336 F.3d 789 (8th Cir.2003); *Bouchat v. Baltimore Ravens Football Club,* 346 F.3d 514 (4th Cir.2003); *Mackie,* 296 F.3d at 914; *On Davis v. The Gap, Inc.,* 246 F.3d 152 (2d Cir.2001); *Cream Records Inc. v. Jos. Schlitz Brewing Co.,* 754 F.2d 826, 828 (9th Cir.1985).

      Under § 504(b), actual damages must be suffered "as a result of the infringement," and recoverable profits must be "attributable to the infringement." From the statutory language, it is apparent that a causal link between the infringement and the monetary remedy sought is a predicate to recovery of both actual damages and profits. We take this opportunity to reaffirm the principle that a plaintiff in a § 504(b) action must establish this causal connection, and that this requirement is akin to tort principles of causation and damages. *See Mackie,* 296 F.3d at 915 & n. 6, 916-17 (applying tort principles to evaluate the claim for indirect profits and assessing the quantum of actual damages).

      Under 17 U.S.C. § 504(a) and (c), a copyright owner may elect to recover statutory damages instead of actual damages and any additional profits. Ordinarily, we review an award of statutory damages for abuse of discretion. *See Frank Music Corp. v. Metro-Goldwyn-Mayer, Inc.,* 772 F.2d 505, 520 (9th Cir.1985).

      Title 17 U.S.C. § 412(2) leaves no room for discretion, however. Section 412(2) mandates that, in order to recover statutory damages, the copyrighted work must have been registered prior to commencement of the infringement, unless the registration is made within three months after first

publication of the work. *See id.* (precluding an award of attorneys' fees as well);[3] *Polar Bear Prods., Inc. v. Timex Corp.,* 384 F.3d 700, 707 n. 5 (9th Cir.2004).

With respect to the text, we are guided by the courts that have interpreted § 412 in similar factual contexts. As one court has concluded, while [e]ach separate act of infringement is, of course, an "infringement" within the meaning of the statute, and in a literal sense perhaps such an act might be said to have "commenced" (and ended) on the day of its perpetration[,] ... it would be peculiar if not inaccurate to use the word "commenced" to describe a single act. That verb generally presupposes as a subject some kind of activity that begins at one time and continues or reoccurs thereafter.*Singh v. Famous Overseas, Inc.,* 680 F.Supp. 533, 535 (E.D.N.Y.1988); *accord Parfums Givenchy, Inc. v. C & C Beauty Sales, Inc.,* 832 F.Supp. 1378, 1394 (C.D.Cal.1993) (quoting *Singh,* 680 F.Supp. at 535); *Mason v. Montgomery Data, Inc.,* 741 F.Supp. 1282, 1286 (S.D.Tex.1990) ("The plain language of the statute does not reveal that Congress intended to distinguish between pre and post-registration infringements.").

In the instant case, there is no legitimate, admissible evidence, that the Court can reasonable construe to cause it to believe that Plaintiff, Nintendo, sustained any actual damages whatsoever as a result of any of the Defendant's actions or inactions.

## **CONCLUSION**

WHEREFORE, Defendant Matthew Storman ("Defendant"), proceeding *pro se*, and pursuant to Rule 59(e) of the Federal Rules of Civil Procedure, who hereby moves this Court to reconsider its award of statutory damages to the Defendant because the grounds upon which the Court relies are contrary to the law, inconsistent with the facts, and lacking sufficient evidence to support it, or that this Court will allow and provide an oral hearing on the same prior to any adverse ruling to avoid the carriage of justice that will otherwise result.

Respectfully Submitted,

DATED: June 22nd, 2021

*/s/ Matthew Storman*
Matthew Storman
1601 E Ruddock St.
Covina, CA 91724
(626) 833-6327
matthewstorman@gmail.com

## DECLARATION OF MATTHEW STORMAN

I, the undersigned, being of sound minds and competent to testify as to the truthfulness of the statements made hereinabove, after being duly sworn, under the pains and penalties of perjury, hereby certify that I have read the foregoing document, and hereby affirm that I have personal knowledge of the facts therein, and to the best of my knowledge, information, and belief, the foregoing is true and correct.

I understand that I am swearing or affirming under oath to the truthfulness of the claims made in this motion and that the punishment for knowingly making a false statement includes fines and/or imprisonment.

DATED: June 22nd, 2021

*/s/ Matthew Storman*
Matthew Storman
1601 E Ruddock St.
Covina, CA 91724
(626) 833-6327
matthewstorman@gmail.com

# CERTIFICATE OF SERVICE

I, the undersigned, hereby certifies that on the 22nd day of June 2021, that a true and complete copy of the foregoing motion was served via the ECF/CM system, upon:

Katherine M. Dugdale, Bar No. 168014
KDugdale@perkinscoie.com
PERKINS COIE LLP
1888 Century Park E., Suite 1700
Los Angeles, CA  90067-1721
Telephone:  310.788.9900
Facsimile:  310.788.3399

William C. Rava (appearing pro hac vice)
Christian W. Marcelo (appearing pro hac vice)
WRava@perkinscoie.com
CMarcelo@perkinscoie.com
PERKINS COIE LLP
1201 Third Avenue, Suite 4900
Seattle, WA  98101
Telephone:  206.359.8000
Facsimile:  206.359.9000

Attorneys for Plaintiff
Nintendo of America Inc.

DATED: June 22nd, 2021

/s/ Matthew Storman
Matthew Storman
1601 E Ruddock St.
Covina, CA 91724
(626) 833-6327
matthewstorman@gmail.com