Katherine M. Dugdale, Bar No. 168014
KDugdale@perkinscoie.com
PERKINS COIE LLP
1888 Century Park E., Suite 1700
Los Angeles, CA 90067-1721
Telephone: 310.788.9900
Facsimile: 310.788.3399

William C. Rava (appearing *pro hac vice*)
Christian W. Marcelo (appearing *pro hac vice*)
WRava@perkinscoie.com
CMarcelo@perkinscoie.com
PERKINS COIE LLP
1201 Third Avenue, Suite 4900
Seattle, WA 98101
Telephone: 206.359.8000
Facsimile: 206.359.9000

Attorneys for Plaintiff
Nintendo of America Inc.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| NINTENDO OF AMERICA INC., a Washington corporation<br><br>Plaintiff,<br><br>v.<br><br>MATTHEW STORMAN, an individual, JOHN DOES 1-10, individuals and/or corporations,<br><br>Defendant. | Case No. 2:19-CV-07818-CBM-RAO<br><br>**NINTENDO'S REPLY IN SUPPORT OF MOTION FOR RECONSIDERATION**<br><br>Date: July 13, 2021<br>Time: 10:00 a.m.<br>Ctrm: #8B<br><br>The Honorable Consuelo B. Marshall |

152889075

## I. INTRODUCTION

Defendant Matthew Storman's Response and Opposition to Plaintiff Nintendo of America Inc.'s ("Nintendo") Motion for Reconsideration (Dkt. No. 77; the "Opposition") misconstrues the basis for Nintendo's Motion and the applicable law.

First, the Opposition focuses solely on Nintendo's copyright infringement claims. Nintendo's Motion, however, is based on the codified presumption of irreparable harm applicable because Defendant was found liable for *trademark* infringement. The Opposition does not address trademark infringement or the codified presumption of irreparable harm.

Second, much of the authority cited in the Opposition *supports* Nintendo's Motion, as it stands for the principle that controlling law, whether raised by the parties or not, must be applied *as it existed at the time the court makes its decision*.

As explained in its Motion and below, a permanent injunction is both appropriate and necessary, and Nintendo respectfully requests this Court grant its Motion for Reconsideration and grant Nintendo's requested injunctive relief.

## II. ARGUMENT

Under Local Rule 7-18, a Motion for Reconsideration may be based on:

> (a) a material difference in fact or law from that presented to the Court that, in the exercise of reasonable diligence, could not have been known to the party moving for reconsideration at the time the Order was entered, or
> (b) the emergence of new material facts or a change of law occurring after the Order was entered, or
> (c) a manifest showing of a failure to consider material facts presented to the Court before the Order was entered.

Nintendo presented compelling reasons to grant its Motion for Reconsideration under both L.R. 7-18(a) and (b).

152889075

### A. Reconsideration Should Be Granted Due to the Recent Codification of the Presumption of Irreparable Harm.

Contrary to the claims found in the Opposition, this Motion does not rehash a previously litigated issue. Opp. at 4. Indeed, through this Motion, Nintendo identifies a newly-codified and mandatory presumption that was not previously litigated in this case.[1] Nintendo seeks to have the controlling law, as recently codified by the Trademark Modernization Act ("TMA"), applied in this case.

The TMA was enacted on Sunday December 27, 2020—just two days before Nintendo filed its Motion for Summary Judgment. The amendment created a *mandatory* presumption of irreparable harm where a defendant was found to have violated the Lanham Act: "[a] plaintiff seeking any such injunction *shall* be entitled to a rebuttable presumption of irreparable harm upon a finding of a violation [of the Lanham Act]." 15 U.S.C. § 1116 (emphasis added). Despite exercising reasonable diligence, Nintendo was unaware of this change in the law and, while it cited 15 U.S.C. § 1116, did not specifically discuss the newly-codified, mandatory presumption in its briefing. Dkt. No. 52-01 (Summary Judgment Motion) at 21. Defendant did not oppose or address Nintendo's request for injunctive relief, and no hearing was held, so the mandatory presumption of irreparable harm was not addressed prior to the Court's decision. Reconsideration can and should remedy this type of situation where a recently-modified statute was not applied in the original decision. *See Orange Cty. Water Dist. v. Unocal Corp.,* No. SACV0301742CJCANX, 2018 WL 6133718, at *6 (C.D. Cal. Feb. 8, 2018) (holding that the lower court "relied on an incorrect legal standard" and thus granted reconsideration to apply the correct legal standard).

The Opposition's argument against applying the codified presumption of irreparable harm found in the TMA hinges on several cases which discuss whether

---

[1] Nor is Nintendo's goal to "generat[e] attorney's fees." Opp. at 4. Nintendo's goal, as it has been for the past two years spent litigating this case, is to protect its intellectual property.

-2-

a court should, on appeal or review, apply laws which were enacted *after* a judgment issued. Opp. at 2. While that is not the situation presented here—the TMA had already been enacted at the time of the Court's May 27 Order—the reasoning in those cases readily supports granting Nintendo's Motion.[2]

In *Bradley v. School Board of City of Richmond*, the Supreme Court held that "a court is to apply the law in effect at the time it renders its decision, unless doing so would result in manifest injustice or there is statutory direction or legislative history to the contrary." 416 U.S. 696, 711.[3] That rule holds true here as well. Because this Court found that Defendant violated the Lanham Act, the law in existence at the time of this Court's Order requires that Nintendo "*shall* be entitled to a rebuttable presumption of irreparable harm." 15 U.S.C. § 1116 (emphasis added). That is the law that *must* be applied here, and amending an order to apply the correct legal standard is a sufficient basis to grant reconsideration. *See Orange City,* No. SACV0301742CJCANX, 2018 WL 6133718, at *6 (granting reconsideration to apply correct legal standard); *see also Jada Toys, Inc. v. Mattel, Inc.*, 518 F.3d 628, 634 n.2 (9th Cir. 2008) (reversing district court which had applied prior version of the Federal Trademark Dilution Act and applying the statute as recently amended to change the standards required to succeed on dilution claims); *Gallagher v. San Diego Unified Port Dist.*, 14 F. Supp. 3d 1380, 1388 (S.D. Cal. 2014), aff'd, 668 F. App'x 786 (9th Cir. 2016) (courts have a "duty to

---

[2] The Opposition also discusses reconsideration under the Federal Rules of Civil Procedure. Those rules, too, support granting reconsideration. Under Fed. R. Civ. P. 60(b)(6), courts may "amend an order for any reason that justifies relief" and, after a judgment is entered, may also grant reconsideration if the court committed clear error or the initial decision was manifestly unjust or there is an intervening change in controlling law. *Davis v. United States*, No. CV 13-0483 CBM, 2015 WL 13439817, at *1 (C.D. Cal. Mar. 3, 2015). Granting reconsideration to apply the recently-enacted law meets each of these standards.

[3] In another case cited in the Opposition, *Delta Computer Corp. v. Samsung Semiconductor & Telecommunications Co.*, the Ninth Circuit applied this rule, finding that a newly-codified law, enacted after the order was issued, should be applied on appeal because "manifest injustice" would not occur from its application. 879 F.2d 662, 663 (9th Cir. 1989).

152889075

apply current law to the cases before it in an effort to prevent inconsistent application of the law").

Nintendo respectfully requests that this Court grant its Motion for Reconsideration by applying the law in effect at the time of its May 27, 2021 Order, applying a presumption of irreparable harm and granting Nintendo's requested injunctive relief.

### B. Defendant's Actions Subsequent to the Court's Summary Judgment Order Demonstrate that an Injunction is Necessary.

The Opposition is also notable for what it does not address: Defendant's actions after this Court entered its May 27 Order. The Opposition does not dispute that Defendant is considering relaunching the RomUniverse website *to continue to distribute videogame ROMs*. Mot. at 4; Dkt. No. 76-4 (Rava Decl.) ¶ 2. Nor does it assert that this future use will not violate Nintendo's intellectual property rights. Thus, Defendant's threat to continue to operate RomUniverse to distribute videogame ROMs, using the same website he used for the past several years to mass-infringe Nintendo's copyright and trademark rights, necessitates the entry of an injunction. *MAI Sys. Corp. v. Peak Computer, Inc.*, 991 F.2d 511, 520 (9th Cir. 1993) ("as a general rule, a permanent injunction will be granted when liability has been established and there is a threat of continuing violations").

Defendant's disregard for his other legal obligations—*including this Court's Order sanctioning him for violating other Court orders*—further underscores the need for an injunction. Through its June 9 Motion and by subsequent email on June 22, Nintendo advised Defendant that he is violating this Court's May 3, 2021 Order by failing to make his required sanctions payment of $50/month. Mot. at 5; Rava Decl. ¶ 3. Not only did Defendant not address his violation of the Court's Order in the Opposition, but he *continues* to ignore the Order and has not yet made any payments to Nintendo. This failure to make even the modest $50/month payment,

152889075

an amount that he proposed and agreed to, demonstrates that Nintendo has no adequate remedy at law for Defendant's past or future infringement and underscores the need for a permanent injunction. *See Metro-Goldwyn-Mayer Studios, Inc. v. Grokster, Ltd.,* 518 F. Supp. 2d 1197, 1219 (C.D. Cal. 2007) ("Damages are no remedy at all if they cannot be collected, and most courts sensibly conclude that a damage judgment against an insolvent defendant is an inadequate remedy."); *Columbia Pictures Indus., Inc. v. Fung*, No. 206CV05578, 2013 WL 12098334, at *1 (C.D. Cal. Aug. 5, 2013) (granting permanent injunction because it was "extremely unlikely that Defendants will be able fully to compensate Plaintiffs monetarily for the infringements Defendants have induced in the past, or the infringements they could induce in the future"); *Laguna Com. Cap., LLC v. Se. Texas EMS, LLC*, No. CV 11-09930 MMM PLAX, 2011 WL 6409222, at *6 (C.D. Cal. Dec. 21, 2011). The above-described actions occurred after the Court's Order and further demonstrate that an injunction is both appropriate and necessary.

### III.  CONCLUSION

For all of the above reasons, Nintendo respectfully seeks reconsideration of its request for a permanent injunction.

DATED: June 29, 2021  **PERKINS COIE LLP**

By:*/s/ Katherine M. Dugdale*
Katherine M. Dugdale
William C. Rava (appearing *pro hac vice*)
Christian W. Marcelo (appearing *pro hac vice*)

Attorneys for Plaintiff
NINTENDO OF AMERICA INC.

152889075