Katherine M. Dugdale, Bar No. 168014
KDugdale@perkinscoie.com
PERKINS COIE LLP
1888 Century Park E., Suite 1700
Los Angeles, CA  90067-1721
Telephone:  310.788.9900
Facsimile:  310.788.3399

William C. Rava (appearing *pro hac vice*)
Christian W. Marcelo (appearing *pro hac vice*)
WRava@perkinscoie.com
CMarcelo@perkinscoie.com
PERKINS COIE LLP
1201 Third Avenue, Suite 4900
Seattle, WA  98101
Telephone:  206.359.8000
Facsimile:  206.359.9000

Attorneys for Plaintiff
Nintendo of America Inc.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| NINTENDO OF AMERICA INC., a Washington corporation,<br><br>Plaintiff,<br><br>v.<br><br>MATTHEW STORMAN, an individual, JOHN DOES 1-10, individuals and/or corporations,<br><br>Defendant. | Case No. 2:19-CV-07818-CBM-RAO<br><br>**NINTENDO'S OPPOSITION TO DEFENDANT'S MOTION FOR RECONSIDERATION**<br><br>Date:     No Hearing Date Noted<br>Time:    N/A<br>Ctrm:    N/A<br><br>The Honorable Consuelo B. Marshall |

152898212

## I. INTRODUCTION

Defendant Matthew Storman's Motion for Reconsideration (Dkt. No. 78) should be denied as both procedurally improper and substantively deficient.

First, Defendant's motion is procedurally improper no matter how it is construed. If considered a motion under Local Rule 7-18, Defendant's motion is too late because it should have been filed within 14 days of the Court's May 27, 2021 Order on Nintendo of America Inc.'s ("Nintendo") motion for summary judgment. If considered a motion under Federal Rule of Civil Procedure 59(e), it is too early, because a judgment has not yet been entered in this case, a prerequisite for a Rule 59(e) motion to alter or amend a judgment. And either way, Defendant failed to satisfy this District's meet and confer requirement under Local Rule 7-3.[1]

Second, even if the Court were to address the merits, the motion should be denied because Defendant fails to identify any newly-emerged material facts, any material facts that the Court failed to consider, or any manifest error of law committed by the Court.

Nintendo therefore respectfully requests that Defendant's motion be denied.

## II. ARGUMENT

**A. Defendant's Motion Is Procedurally Flawed.**

No matter how Defendant's motion is construed, it is procedurally improper and untimely. Prior to filing his motion, Defendant was required to "first contact [Nintendo's] counsel to discuss thoroughly . . . the substance of the contemplated motion and any potential resolution." L.R. 7-3. Defendant's motion lacks the required statement that the parties conferred on this issue, because no such conference occurred. *Id.* Thus, Defendant's motion should be denied as failing to

---

[1] While the parties conferred on June 3, 2021 regarding *Nintendo's* motion for reconsideration, Mr. Storman noted that he was still contemplating his options generally but did not mention any intention to file a motion.

- 1 -

152898212

meet the requirements of the local rules of this District. *See* L.R. 7-4 ("The Court may decline to consider a motion unless it meets the requirements of L.R. 7-3 through 7-8.").

Defendant's motion should also be denied as untimely. A Motion for Reconsideration based on Local Rule 7-18 "must be filed no later than 14 days after entry of the Order that is the subject of the motion or application," unless good cause is shown. Defendant asks the Court to reconsider its Order on Nintendo's motion for summary judgment, issued on May 27, 2021. Dkt. No. 75. Defendant filed its motion titled a "Motion for Reconsideration" on June 22, 2021, well after the 14-day deadline. Dkt. No. 78. And Defendant's motion does not attempt to argue there is good cause for his delay. *Id.* Thus, to the extent Defendant's motion is construed as a Motion for Reconsideration under Local Rule 7-18, it should be denied as untimely.

If construed as a Motion to Alter or Amend a Judgment under Federal Rule of Civil Procedure 59(e), Defendant's motion is still untimely. Under Rule 59(e), "[a] motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment." "Every judgment and amended judgment must be set out in a separate document." Fed. R. Civ. P. 58(a). Thus, a motion to alter or amend a judgment is premature, even where the court has issued an order on summary judgment, when "there has been no entry of judgment, which must be on a separate piece of paper and entered separately in the docket." *Olander Enters., Inc. v. Spencer Gifts, LLC*, No. ACV 09-1372-CJC(ANx), 2011 WL 13225062, at *2 (C.D. Cal. Oct. 21, 2011) (citing Fed. R. Civ. P. 58 and *Vernon v. Heckler*, 811 F.2d 1274, 1276 (9th Cir. 1987)); *see also Harper House, Inc. v. Thomas Nelson Publishers, Inc.*, No. CV 85-4225 PAR, 1987 WL 43594, at *1 (C.D. Cal. Aug. 26, 1987) ("[T]he Court has not yet entered judgment in the trial; thus, defendant's motion would be premature under Rule 59(e)."). Here, although the Court has

152898212

issued an Order on Nintendo's motion for summary judgment, no separate document entering a judgment has been entered on the docket. The time for filing a motion under Rule 59(e) has not yet come, and Defendant's motion is therefore premature and should be denied.

**B.  If Considered on the Merits, Defendant's Motion Should Still Be Denied.**

If the Court reaches the merits of Defendant's motion, it should be denied. To Nintendo's understanding of Defendant's motion (which largely copies and pastes black letter law without argument),[2] Defendant asks the Court to reconsider its award of statutory damages for copyright infringement[3] for two reasons: (1) Nintendo did not suffer any actual damages as a result of Defendant's infringement, and (2) Nintendo did not timely register its copyrights before Defendant's infringement commenced. *See* Dkt. No. 78. Both of these arguments fall short of meeting any of the requirements to grant reconsideration under Local Rule 7-18 or Federal Rule of Civil Procedure 59(e).

Under Local Rule 7-18, a Motion for Reconsideration may be based on "(a) a material difference in fact or law from that presented to the Court that, in the exercise of reasonable diligence, could not have been known to the party moving for reconsideration at the time the Order was entered, or (b) the emergence of new material facts or a change of law occurring after the Order was entered, or (c) a manifest showing of a failure to consider material facts presented to the Court before the Order was entered." While the Court has broad discretion in ruling on a Rule 59(e) motion, "[i]n general, there are four basic grounds upon which a Rule 59(e) motion may be granted: (1) if such motion is necessary to correct manifest

---

[2] Defendant's arguments are not always clear. As it has from the inception of this case, Nintendo again here attempts to construe Defendant's arguments generously.

[3] Defendant asks that the Court reconsider only its "award of statutory damages" and offers arguments only about statutory damages for copyright infringement. Dkt. No. 78. Defendant does not challenge any of the Court's other holdings in its Order on Nintendo's motion for summary judgment.

errors of law or fact upon which the judgment rests; (2) if such motion is necessary to present newly discovered or previously unavailable evidence; (3) if such motion is necessary to prevent manifest injustice; or (4) if amendment is justified by an intervening change in controlling law." *Allstate Ins. Co. v. Herron*, 634 F.3d 1101, 1111 (9th Cir. 2011). Construed generously, Defendant appears to argue only under L.R. 7-18(c) and *Allstate* Ground (1), claiming—incorrectly—that the Court failed to consider certain material facts or committed a manifest error of law.

Defendant's first argument, that Nintendo did not suffer any actual damages as a result of infringement, is both factually incorrect and legally inapplicable. In Nintendo's motion for summary judgment, Nintendo presented uncontroverted evidence that there were approximately 50,000 illegal downloads of Infringing ROMs at the time Nintendo filed its Complaint,[4] and that the retail price for the Nintendo Games is between $20 and $60. Declaration of Alicia M. Bell (Dkt. No. 52-02), Ex. 3, p. 9-142; Declaration of Jacqueline Knudson (Dkt. No. 52-04) ¶ 8. Defendant did not dispute these facts. Dkt. No. 63. Therefore, Nintendo presented unrebutted evidence that it suffered lost revenues of approximately $1,000,000 to $3,000,000 due to Defendant's infringement, as found by this Court. Dkt. No. 75 at 10. In any event, Nintendo was not required to provide evidence of actual damages to recover statutory damages. *Columbia Pictures Television, Inc. v. Krypton Broad. of Birmingham, Inc.*, 259 F.3d 1186, 1194 (9th Cir. 2001) ("A plaintiff may elect statutory damages regardless of the adequacy of the evidence offered as to his actual damages and the amount of defendant's profits.") (internal quotes omitted).

Defendant's second argument, that Nintendo did not timely register its copyrights prior to Defendant's infringement, lacks any evidence to support the

---

[4] This estimate is likely much lower than the actual number of illegal downloads, which is unknown to Nintendo because Defendant failed to preserve evidence of the true number of downloads. Defendant was sanctioned for this conduct, though he has continued to violate the Court's Order and has failed to make his first sanction payment despite repeated notices to do so. *See* Dkt. No. 65.

-4-

152898212

claim[5] and does not identify what facts (if any) the Court failed to consider or any manifest error of law made by the Court. *See* Dkt. No. 78 at 3-4. To the contrary, Defendant testified that he does not dispute Nintendo's ownership of its copyrights. Dkt. No. 75 at 3. Thus, even if considered on the merits, Defendant's motion should also be denied.

### III. CONCLUSION

For all of the above reasons, Nintendo respectfully requests that Defendant's Motion for Reconsideration be denied.

DATED: June 29, 2021   **PERKINS COIE LLP**

By: */s/ Katherine M. Dugdale*
Katherine M. Dugdale
William C. Rava (appearing *pro hac vice*)
Christian W. Marcelo (appearing *pro hac vice*)

Attorneys for Plaintiff
NINTENDO OF AMERICA INC.

---

[5] Indeed, Defendant did not identify a single instance in which Nintendo's registration was allegedly untimely.