Katherine M. Dugdale, Bar No. 168014
KDugdale@perkinscoie.com
PERKINS COIE LLP
1888 Century Park E., Suite 1700
Los Angeles, CA 90067-1721
Telephone: 310.788.9900
Facsimile: 310.788.3399

William C. Rava (appearing *pro hac vice*)
Christian W. Marcelo (appearing *pro hac vice*)
WRava@perkinscoie.com
CMarcelo@perkinscoie.com
PERKINS COIE LLP
1201 Third Avenue, Suite 4900
Seattle, WA 98101
Telephone: 206.359.8000
Facsimile: 206.359.9000

Attorneys for Plaintiff
Nintendo of America Inc.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| NINTENDO OF AMERICA INC., a Washington corporation,<br><br>Plaintiff,<br><br>v.<br><br>MATTHEW STORMAN, an individual, JOHN DOES 1-10, individuals and/or corporations,<br><br>Defendant. | Case No. 2:19-CV-07818-CBM-RAO<br><br>**NINTENDO'S SUPPLEMENTAL BRIEF IN SUPPORT OF MOTION FOR RECONSIDERATION**<br><br>Date:   August 3, 2021<br>Time:  10:00 a.m.<br>Ctrm:   #8B<br><br>The Honorable Consuelo B. Marshall |

153029710.3

1       On June 9, 2021, Nintendo sought reconsideration of the Court's denial of a permanent injunction, citing the newly-codified Trademark Modernization Act (TMA) and Defendant's actions subsequent to the Court's May 27 summary judgment order. Dkt. No. 76 (the "Motion"). The TMA amended the Lanham Act, creating a mandatory presumption of irreparable harm where a party is found liable for trademark infringement, as here. 17 U.S.C. 1116(a). On July 8, this Court requested additional information as to "whether reconsideration of the Court's order denying Plaintiff's requested permanent injunction with respect to Plaintiff's copyright infringement claim is warranted." Dkt. No. 81.

The answer is a clear "yes." Based on the same facts described in Nintendo's Motion—Defendant's actions after the Court entered its May 27 order on summary judgment—the Court should reconsider its denial of a permanent injunction based on **both** Defendant's willful trademark infringement *and* his willful copyright infringement. L.R. 7-18(b).

A permanent injunction is an appropriate and necessary remedy for Defendant's willful copyright infringement. The Copyright Act authorizes courts to issue injunctions to "prevent or restrain" the infringement of a plaintiff's copyrights. 17 U.S.C.A. § 502(a); *MAI Sys. Corp. v. Peak Computer, Inc.*, 991 F.2d 511, 520 (9th Cir. 1993). "As a general rule, a permanent injunction will be granted when liability has been established and there is a threat of continuing violations." *MAI Sys. Corp.*, 991 F.2d at 520. Indeed, even if a defendant has ceased its infringing activities, an injunction should issue if the infringement was willful and the infringer did not cease its infringement until after litigation began. *Polo Fashions, Inc. v. Dick Bruhn, Inc.*, 793 F.2d 1132, 1135 (9th Cir. 1986) (finding error to deny a permanent injunction where defendants willfully infringed plaintiff's trademark and refused to stop infringing until plaintiff initiated litigation); *Highland Suites, Inc. v. Hotel*, No. CV1203887SJOPLAX, 2013 WL 12087187, at *5 (C.D. Cal. June 6, 2013) (citing *Polo Fashions* and holding that

- 1 -

specific evidence of future infringement is not necessary to issue injunction where copyright infringement was willful and only ceased upon initiation of litigation); *Brighton Collectibles, Inc. v. Coldwater Creek, Inc.*, No. 06-CV-1848 H (POR), 2009 WL 10671767, at *2 (S.D. Cal. Jan. 23, 2009) (finding a threat of future copyright and trademark infringement sufficient to warrant permanent injunction based on willfulness of infringement).  In such circumstances, an injunction is appropriate because "[i]f the defendants sincerely intend not to infringe, the injunction harms them little; if they do, it gives [the aggrieved party] substantial protection…" *Polo Fashions*, 793 F.2d at 1135.  In addition, past violations of court orders may be considered evidence that a defendant is likely to repeat its infringement.  *Sweet People Apparel, Inc. v. Chang Grp. LLC*, No. CV 16-3139-RSWL-JPRX, 2017 WL 2469130, at *7 (C.D. Cal. June 6, 2017) (holding that infringer's disobedience of Court's order "suggest[s] Defendant is likely to repeat its infringement").

 Here, as this Court found, Defendant willfully infringed dozens of Nintendo's copyrights, refusing to cease his actions despite previously receiving multiple notices from Nintendo and despite Nintendo initiating litigation.  Dkt. No. 76 at 10.  In fact, Defendant spent the last several *years* using the RomUniverse website to infringe Nintendo's copyrights as one of the largest distributors of pirated Nintendo games, distributing hundreds of thousands Infringing ROMs, including posting new infringing content while this case was pending.  *Id.*; *see also* Dkt. No. 52-1 at 6.  Now, without a permanent injunction, Nintendo faces the threat that Defendant will relaunch the RomUniverse website, create a new website, or otherwise distribute pirated video games once again.  Dkt. No. 76-4 (Rava Decl.) ¶ 2. Defendant does not dispute he is considering relaunching the RomUniverse website to distribute video game ROMs.  *See generally*, Dkt. No. 77.  Nor has he confirmed that he has permanently destroyed the Infringing Roms, the pirated copies of Nintendo's games, or the other content infringing Nintendo's intellectual

property, that were in his possession and control, as he would be required to do under Nintendo's proposed permanent injunction.[1]  Based on his past behavior, Defendant's stated plan to exclude Nintendo content from his relaunched website rings hollow; if he does "sincerely intend not to infringe," however, "the injunction harms [him] little." *Polo Fashions*, 793 F.2d at 1135.

Moreover, Defendant's repeated violations of this Court's orders—including after the Court entered its May 26 summary judgment order—demonstrates Defendant's disregard for his legal obligations and underscore the concreteness of the threat of renewed copyright infringement.[2]  Courts grant permanent injunctions where future infringement is threatened precisely to address situations like this, where a party is forced to repeatedly expend resources to force the infringer to comply with his legal obligations.  *See WB Music Corp. v. Royce Int'l Broad. Corp.*, No. EDCV16600JGBDTBX, 2018 WL 2121819, at *4 (C.D. Cal. May 7, 2018), *aff'd sub nom. WB Music Corp. v. Stolz*, 814 F. App'x 286 (9th Cir. 2020) (granting permanent injunction because "Plaintiffs face a credible threat of future infringement by Defendants' activities, requiring additional litigation to defend their copyrights…"); *Metro-Goldwyn-Mayer Studios, Inc. v. Grokster, Ltd.*, 518 F. Supp. 2d 1197, 1220 (C.D. Cal. 2007) ("[a] legal remedy is inadequate if it would require a 'multiplicity of suits.")  Throughout this litigation, when Defendant has complied with his obligations, it is frequently only after Nintendo has been forced to raise the issue with the Court.[3]  In these circumstances, Nintendo's requested permanent injunction is both reasonable and necessary.

---

[1] Because Defendant likely still possesses and controls the Infringing Roms, there continues to be a real and imminent threat that Defendant distributes the pirated content through RomUniverse or some other website.

[2] After initially missing his first two payment deadlines, Defendant has now completed the first two of his sanction payment installments to Nintendo.

[3] *See e.g.*, Dkt. No. 45 (order regarding Defendant's failure to produce documents); Dkt. No. 49 (order sanctioning Defendant for continued discovery violations); Dkt. No. 47 (order regarding Defendant's violation of October 6, 2020 Order (Dkt. No. 46) by failing to submit settlement statement); Dkt. No. 51 (Declaration of William Rava outlining various discovery violations); Dkt. Nos. 75, 79 (Nintendo's briefs outlining Defendant's failure to satisfy payment obligations).

153029710.3

For similar reasons as articulated in its Motion regarding Defendant's trademark infringement, the Court should issue a permanent injunction enjoining Defendant's willful copyright infringement.

DATED: July 15, 2021      **PERKINS COIE LLP**

By:*/s/ Katherine M. Dugdale*
    Katherine M. Dugdale
    William C. Rava (appearing *pro hac vice*)
    Christian W. Marcelo (appearing *pro hac vice*)

Attorneys for Plaintiff
NINTENDO OF AMERICA INC.

153029710.3