Matthew Storman
1601 E Ruddock St.
Covina, CA 91724
(626) 833-6327
matthewstorman@gmail.com

MATTHEW STORMAN, IN PRO PER

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| NINTENDO OF AMERICA INC.,<br>a Washington corporation<br><br>Plaintiff(s),<br><br>vs.<br><br>MATTHEW STORMAN, an individual, JOHN DOES 1-10, individuals and/or corporations,<br><br>Defendant(s). | Case No. 2:19-CV-07818-CBM-RAO<br><br>**DEFENDANT MATTHEW STORMAN'S RESPONSE TO COURTS IN CHAMBERS ORDER**<br><br>Date:   August 3, 2021<br>Time:   10:00am<br>Ctrm: |

Comes this day, Defendant Matthew Storman ("Defendant"), proceeding *pro se*, and pursuant to this Court's *In Chamber's Order*, entered July 8th, 2021 (ECF 81), who hereby asserts that this Court properly concluded that the Plaintiff's request for a permanent injunction should have been denied and does not merit reconsideration.

As the United States Court of Appeals for the Ninth Circuit recently held in a case involving identical claims by, the Court correctly dismissed the Lanham Act claims. *Slep-Tone Entm't Corp. v. Wired for Sound Karaoke & DJ Servs., LLC*, 845 F.3d 1246, 1248-50 (9th Cir. 2017) (citing *DastarCorp.v. Twentieth Century Fox Film Corp.*, 539 U.S. 23, 31-34 (2003)).

1  "The copyright owner is entitled to recover the actual damages suffered by him or her as a result of the infringement, and any profits of the infringer that are attributable to the infringement and are not taken into account in computing the actual damages. In establishing the infringer's profits, the copyright owner is required to present proof only of the infringer's gross revenue, and the infringer is required to prove his or her deductible expenses and the elements of profit attributable to factors other than the copyrighted work." 17 U.S.C. § 504(b).

Congress explicitly provides for two distinct monetary remedies — actual damages and recovery of wrongful profits. These remedies are two sides of the damages coin — the copyright holder's losses and the infringer's gains. "Actual damages are usually determined by the loss in the fair market value of the copyright, measured by the profits lost due to the infringement or by the value of the use of the copyrighted work to the infringer." *McRoberts Software, Inc. v. Media 100, Inc.,* 329 F.3d 557, 566 (7th Cir.2003); *see also Mackie v. Rieser,* 296 F.3d 909, 914 (9th Cir.2002) (approving of recovery of reasonable license fee).

To take away incentives for would-be infringers and "to prevent the infringer from unfairly benefitting from a wrongful act," the statute also provides for the recovery of wrongfully obtained profits resulting from the infringement. H.R.Rep. No. 94-1476, § 504, at 161 (1976), reprinted in 1976 U.S.C.C.A.N. 5659, 5777; *cf. Frank Music Corp. v. Metro-Goldwyn-Mayer, Inc.,* 772 F.2d 505, 517 (9th Cir.1985) ("*Frank I*") (interpreting the Copyright Act of 1909). These profits can be direct or indirect. Profits indirectly gained from infringements used in promotional efforts, as is the case here, fall squarely within the rubric of wrongful profits. *See generally, Andreas v. Volkswagen of Am., Inc.,* 336 F.3d 789 (8th Cir.2003); *Bouchat v. Baltimore Ravens Football Club,* 346 F.3d 514 (4th Cir.2003); *Mackie,* 296 F.3d at 914; *On Davis v. The Gap, Inc.,* 246 F.3d 152 (2d Cir.2001); *Cream Records Inc. v. Jos. Schlitz Brewing Co.,* 754 F.2d 826, 828 (9th Cir.1985).

Under § 504(b), actual damages must be suffered "as a result of the infringement," and recoverable profits must be "attributable to the infringement." From the statutory language, it is apparent that a causal link between the infringement and the monetary remedy sought is a predicate to recovery of both actual damages and profits. We take this opportunity to reaffirm the principle that a plaintiff in a § 504(b) action must establish this causal connection, and that this requirement is

akin to tort principles of causation and damages. *See Mackie,* 296 F.3d at 915 & n. 6, 916-17 (applying tort principles to evaluate the claim for indirect profits and assessing the quantum of actual damages).

Under 17 U.S.C. § 504(a) and (c), a copyright owner may elect to recover statutory damages instead of actual damages and any additional profits. Ordinarily, we review an award of statutory damages for abuse of discretion. *See Frank Music Corp. v. Metro-Goldwyn-Mayer, Inc.,* 772 F.2d 505, 520 (9th Cir.1985).

Title 17 U.S.C. § 412(2) leaves no room for discretion, however. Section 412(2) mandates that, in order to recover statutory damages, the copyrighted work must have been registered prior to commencement of the infringement, unless the registration is made within three months after first publication of the work. *See id.* (Precluding an award of attorneys' fees as well); *Polar Bear Prods., Inc. v. Timex Corp.,* 384 F.3d 700, 707 n. 5 (9th Cir.2004).

With respect to the text, we are guided by the courts that have interpreted § 412 in similar factual contexts. As one court has concluded, while [e]ach separate act of infringement is, of course, an "infringement" within the meaning of the statute, and in a literal sense perhaps such an act might be said to have "commenced" (and ended) on the day of its perpetration[,] ... it would be peculiar if not inaccurate to use the word "commenced" to describe a single act. That verb generally presupposes as a subject some kind of activity that begins at one time and continues or reoccurs thereafter.*Singh v. Famous Overseas, Inc.,* 680 F.Supp. 533, 535 (E.D.N.Y.1988); *accord Parfums Givenchy, Inc. v. C & C Beauty Sales, Inc.,* 832 F.Supp. 1378, 1394 (C.D.Cal.1993) (quoting *Singh,* 680 F.Supp. at 535); *Mason v. Montgomery Data, Inc.,* 741 F.Supp. 1282, 1286 (S.D.Tex.1990) ("The plain language of the statute does not reveal that Congress intended to distinguish between pre and post-registration infringements.").

Under the Copyright Act, "[c]opyright protection subsists . . . in original works of authorship fixed in any tangible medium of expression . . . [including] motion pictures." 17 U.S.C. § 102(a). That fixation must be done "by or under the authority of the author." 17 U.S.C. § 101. Article 1, Section 8 of the U.S. Constitution provides that copyrights "promote the Progress of Science and useful arts."

Hence, the "Framers intended copyright itself to be the engine of free expression. By establishing a marketable right to the use of one's expression, copyright supplies the economic incentive to create and disseminate ideas." *Harper & Row Publishers, Inc. v. Nation Enters.*, 471 U.S. 539, 558 (1985); see also *Eldred v. Ashcroft*, 537 U.S. 186, 219 (2003) (noting that "copyright's purpose is to promote the creation and publication of free expression") (emphasis in original). In keeping with copyright's function, "the justification of the copyright law is the protection of the commercial interest of the []author. It is not to . . . protect secrecy, but to stimulate creation by protecting its rewards." Salinger, 607 F.3d at 81 n.9 (quoting *New Era Publ'ns Int'l, ApS v. Henry Holt &Co.*, 695 F. Supp. 1493, 1526 (S.D.N.Y. 1988)).

An "original work[] of authorship," 17 U.S.C. § 102(a), requires only copyrightable subject matter and a "minimal degree of creativity." *Feist Publ'ns, Inc. v. Rural Tel. Serv. Co.*, 499 U.S. 340, 345 (1991). The work is "fixed" when it is "sufficiently permanent or stable to permit it to be perceived, reproduced, or otherwise communicated for a period of more than transitory duration." 17 U.S.C. § 101. And at that moment, the "author or authors of the work" instantly and automatically acquire a copyright interest in it. 17 U.S.C. § 201(a). This isn't exactly String Theory; more like Copyright 101.

In *Herb Reed Enterprises, LLC v. Florida Entertainment Management, Inc.*, the Ninth Circuit reaffirmed that "[e]vidence of loss of control over business reputation and damage to goodwill [can] constitute irreparable harm," so long as there is concrete evidence in the record of those things. 736 F.3d 1239, 1250 (9th Cir. 2013).

The Copyright Act permits a copyright owner to elect an award of statutory damages in lieu of actual damages and profits. 17 U.S.C. § 504(c)(1) ("Section 504(c)(1)"). Section 504(c)(1) permits an owner to recover "an award of statutory damages for all infringements involved in the action, with respect to any one work, for which any one infringer is liable individually, or for which any two or more infringers are liable jointly and severally." Id. Section 504(c)(1) limits statutory damages awards to $150,000 for willful infringement and $30,000 for innocent infringement. Id. § 504(c)(1), (2). "The number of awards available under this provision depends not on the number of separate infringements, but rather on (1) the number of individual 'works' infringed and (2) the

number of separate infringers." *Friedman v. Live Nation Merch., In*c., 833 F.3d 1180, 1189– 90 (9th Cir. 2016).

The Plaintiffs can obtain a preliminary injunction where they establish four factors: "(1) that [they are] likely to succeed on the merits, (2) that [they are] likely to suffer irreparable harm in the absence of preliminary relief, (3) that the balance of equities tips in [their] favor, and (4) that an injunction is in the public interest." Id. at 788- 89 (quoting *Winter v. NRDC*, 555 U.S. 7, 22 (2008)).

In the instant case, there is no legitimate, admissible evidence, that the Court can reasonably construe to cause it to believe that Plaintiff, Nintendo, sustained any actual damages whatsoever as a result of any of the Defendant's actions or inactions.

**DEFENDANT'S SANCTION PAYMENT**

The Defendant has made every attempt to comply with the court's order, the Defendant was unable to make the payment due to unexpected expenses that the Defendant incurred caused by a car crash that he was in. On July 7th, 2021 the defend made a $100 dollar payment into account number ending in 6532 that was provided to the Defendant by the Plaintiffs attorney.

**CONCLUSION**

WHEREFORE, Defendant Matthew Storman, hereby asserts that this Court properly concluded that the Plaintiff's request for a permanent injunction should have been denied and does not merit reconsideration.

DATED: July 15, 2021

                                              */s/ Matthew Storman*
                                              Matthew Storman
                                              1601 E Ruddock St.
                                              Covina, CA 91724
                                              (626) 833-6327
                                              matthewstorman@gmail.com

**DECLARATION OF MATTHEW STORMAN**

I, the undersigned, being of sound minds and competent to testify as to the truthfulness of the statements made hereinabove, after being duly sworn, under the pains and penalties of perjury, hereby certify that I have read the foregoing document, and hereby affirm that I have personal knowledge of the facts therein, and to the best of my knowledge, information, and belief, the foregoing is true and correct.

I understand that I am swearing or affirming under oath to the truthfulness of the claims made in this motion and that the punishment for knowingly making a false statement includes fines and/or imprisonment.

DATED: July 15, 2021

*/s/ Matthew Storman*
Matthew Storman
1601 E Ruddock St.
Covina, CA 91724
(626) 833-6327
matthewstorman@gmail.com

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certifies that on the 15th day of July 2021, that a true and complete copy of the foregoing motion was served via the ECF/CM system, upon:

Katherine M. Dugdale, Bar No. 168014
KDugdale@perkinscoie.com
PERKINS COIE LLP
1888 Century Park E., Suite 1700
Los Angeles, CA  90067-1721
Telephone:  310.788.9900
Facsimile:  310.788.3399

William C. Rava (appearing pro hac vice)
Christian W. Marcelo (appearing pro hac vice)
WRava@perkinscoie.com
CMarcelo@perkinscoie.com
PERKINS COIE LLP
1201 Third Avenue, Suite 4900
Seattle, WA  98101
Telephone:  206.359.8000
Facsimile:  206.359.9000

Attorneys for Plaintiff
Nintendo of America Inc.

DATED: July 15, 2021

/s/ Matthew Storman
Matthew Storman
1601 E Ruddock St.
Covina, CA 91724
(626) 833-6327
matthewstorman@gmail.com