1
2
3
4
5
6
7
8

# UNITED STATES DISTRICT COURT

9

## CENTRAL DISTRICT OF CALIFORNIA

10

| | |
|---|---|
| Nintendo of America, Inc., | Case No.: CV 19-7818-CBM-(RAOx) |
| Plaintiff, | |
| v. | **ORDER RE:  PLAINTIFF'S MOTION FOR RECONSIDERATION; AND DEFENDANT'S MOTION FOR RECONSIDERATION** |
| Matthew Storman, | |
| Defendant. | |

11
12
13
14
15
16

    The matters before the Court are (1) Plaintiff Nintendo of America Inc.'s

17

("Plaintiff's" or "Nintendo's") Motion for Reconsideration ("Plaintiff's Motion")

18

(Dkt. No. 76); and (2) Defendant Matthew Storman's ("Defendant's" or

19

"Storman's") Motion for Reconsideration ("Defendant's Motion") (Dkt. No. 78).

20

## I.    BACKGROUND

21

    This action arises from Defendant's purported copying, distribution,

22

reproduction, and offering of copies of Plaintiff's copyrighted video games

23

through a website owned and operated by Defendant.  On September 10, 2019,

24

Nintendo filed the Complaint against Defendant asserting three causes of action:

25

(1) copyright infringement, 17 U.S.C. § 501; (2) federal trademark infringement,

26

15 U.S.C. §§ 1114, 1125(a); and (3) Unfair Competition, Cal. Bus. & Prof. Code §

27

17200.  On May 26, 2021, the Court granted Plaintiff's Motion for Summary

28

Judgment as to Plaintiff's copyright infringement, unfair competition and Lanham

1

Act claims, and awarded Plaintiff $1,715,000 in statutory damages under the Copyright Act and $400,000 in statutory damages under the Lanham Act for a total of $2,115,000 in statutory damages, but denied Plaintiff's request for a permanent injunction on the basis Plaintiff failed to demonstrate irreparable harm and an inadequate remedy at law existed.  (Dkt. No. 75 (the "Order").)  Nintendo moves for reconsideration of the Order with respect to the Court's denial of its request for a permanent injunction.  Defendant moves for reconsideration of the Order with respect to statutory damages.

## II.     STATEMENT OF THE LAW

Reconsideration of the district court's decision is "appropriate" if the district court "(1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law." *Sch. Dist. No. 1J, Multnomah Cty., Or. v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993).  Moreover, Local Rule 7-18 provides:

> A motion for reconsideration of the decision on any motion may be made only on the grounds of (a) a material difference in fact or law from that presented to the Court before such decision that in the exercise of reasonable diligence could not have been known to the party moving for reconsideration at the time of such decision, or (b) the emergence of new material facts or a change of law occurring after the time of such decision, or (c) a manifest showing of a failure to consider material facts presented to the Court before such decision.

## III.     DISCUSSION

### A.     Permanent Injunction

Plaintiff seeks reconsideration of the Court's Order denying its request for a permanent injunction.

### (1)     Irreparable Harm

The Court previously found Plaintiff failed to demonstrate irreparable injury necessary for a permanent injunction.  (Order at 16.)  The Court noted that although Plaintiff had submitted evidence of approximately $1,000,000 to

$3,000,000 in lost revenue based on thousands of downloads of infringing copies of Nintendo's copyrighted videogames from Defendant's romuniverse.com website, loss revenue is insufficient to show irreparable harm. (*See* Order at 15-16 (citing *Sampson v. Murray*, 415 U.S. 61, 90 (1974); *American Passage Media Corp. v. Cass Communs., Inc.* 750 F.2d 1470, 1473 (9th Cir. 1985); *Comedymx Inc. v. St Clair*, 2018 WL 9782503, at *2 (C.D. Cal. Oct. 11, 2018)).)

Plaintiff contends reconsideration of the Court's Order denying its request for a permanent injunction is warranted based on a change in law. Plaintiff argues at the time it filed its request for a permanent injunction in connection with its motion for summary judgment, it was unaware that the Trademark Modernization Act had been signed into law two days prior. The Trademark Modernization Act, codified at 15 U.S.C. § 1116(a), provides:

> The several courts vested with jurisdiction of civil actions arising under this chapter shall have power to grant injunctions, according to the principles of equity and upon such terms as the court may deem reasonable, to prevent the violation of any right of the registrant of a mark registered in the Patent and Trademark Office or to prevent a violation under subsection (a), (c), or (d) of section 1125 of this title. A plaintiff seeking any such injunction shall be entitled to a rebuttable presumption of irreparable harm upon a finding of a violation identified in this subsection in the case of a motion for a permanent injunction . . . .[1]

In the Order, the Court found there was no genuine dispute of material fact that Plaintiff owns the trademarks and there is a likelihood of confusion, and granted summary judgment in favor of Plaintiff on its trademark infringement claim. (Order at 12-13.) Therefore, Nintendo would be entitled to a rebuttable presumption of irreparable harm pursuant to the Trademark Modernization Act. Defendant does not submit evidence rebutting the presumption of irreparable harm. Accordingly, the Court finds Plaintiff identifies a change in law warranting

---

[1] Neither party raised the issue of a presumption of irreparable harm in connection with Plaintiff's motion for summary judgment and request for a permanent injunction.

reconsideration of the Court's Order, and the Court shall issue an amended order finding the Trademark Modernization Act's presumption of irreparable harm applies here, Defendant does not rebut the presumption, and therefore the irreparable harm factor favors issuance of a permanent injunction under the Lanham Act.

As to Plaintiff's copyright infringement claim, Plaintiff submits new facts and evidence of Defendant's inability to pay a lump sum payment of $3,100 in sanctions issued by the magistrate judge in this action in connection with Defendant's discovery violations, which demonstrates a high likelihood that Defendant will be unable to pay the $1,715,000 in statutory damages awarded by the Court for Defendant's copyright infringement. Moreover, Plaintiff's new evidence demonstrates a threat of continued infringement based on Defendant's representations that he may relaunch his website which previously contained Plaintiff's copyrighted games. Accordingly, Plaintiff's new evidence demonstrates irreparable harm warranting an injunction for Plaintiff's copyright infringement claim. *See WB Music Corp. v. Royce Int'l Broad. Corp.*, 2018 WL 2121819, at *3 (C.D. Cal. May 7, 2018), *aff'd sub nom. WB Music Corp. v. Stolz*, 814 F. App'x 286 (9th Cir. 2020); *Adobe Sys. Inc. v. Gorsline*, 2019 WL 7938445, at *3 (N.D. Cal. June 28, 2019); *Sugarfina, Inc. v. Sweitzer LLC*, 2018 WL 6265074, at *8 (C.D. Cal. Mar. 8, 2018); *Macnab v. Gahderi*, 2009 WL 10671026, at *5 (C.D. Cal. July 28, 2009).[2] Therefore, the Court shall issue an amended order finding Plaintiff demonstrates irreparable harm as to its copyright infringement claim, which favors issuance of a permanent injunction under the Copyright Act.

---

[2] *Cf. Berry v. Dillon*, 291 F. App'x 792, 795-96 (9th Cir. 2008) (the district court did not abuse its discretion in denying the plaintiff's request for a permanent injunction where the plaintiff "failed to show any threat of continuing infringement, and monetary damages would adequately compensate any past injury.").

1

### (2)    Inadequate Remedy at Law

2     The Court previously found Plaintiff failed to demonstrate an inadequate

3  remedy at law existed because "the evidence before the Court demonstrates

4  Defendant 'shut' down his romuniverse.com website," and the Court's statutory

5  damages award would compensate Plaintiff for the lost revenue from the illegal

6  downloads of Nintendo's videogames from Defendant's website.  (Order at 16-17

7  (citing *Berry v. Dillon*, 291 F. App'x 792, 795–96 (9th Cir. 2008)).)

8     Plaintiff submits new facts and evidence of representations by Defendant

9  regarding relaunching his website[3] and Defendant's inability to pay $3,100 in

10  sanctions due to a lack of assets, which demonstrates a threat of continued

11  infringement by Defendant exists and a high likelihood that Defendant will be

12  unable to pay the statutory damages awarded by the Court.[4]  (Rava Decl. ¶ 2; Dkt.

13  Nos. 69, 71, 72.)  Therefore, Plaintiff's new facts and evidence supports a finding

14  that there is no adequate remedy at law as to Plaintiff's copyright and trademark

15  infringement claims, which favors issuance of a permanent injunction.[5]

16

17  [3]  Although Plaintiff's counsel declares Defendant "confirmed that he is
considering relaunching the RomUniverse website to continue to distribute

18  videogame ROMs for games from companies other than Nintendo," Plaintiff
argues Defendant's past actions demonstrate he is likely to continue infringing on

19  Nintendo's intellectual property rights through his website.  (*See* Dkt. No. 52-4,
Knudson Decl. ¶ 7.2 (Defendant continued to distribute thousands of infringing

20  games through his website for a full year after Nintendo filed this lawsuit in
September 2019, and Defendant actively uploaded infringing content); Order at 10

21  (noting Nintendo previously notified Defendant that content on his website
infringed Nintendo's copyrights, but Defendant failed to take the content down);

22  Dkt. Nos. 51, 65 (noting Defendant failed to comply with his discovery
obligations and Court orders requiring his compliance, and spoliation of

23  evidence).

24  [4]  At the August 3, 2021 hearing on the instant Motions, Defendant represented to
the Court that he lacks assets and cannot make a lump sum payment to satisfy the

25  $3,100 in sanctions issued against him in this action.

26  [5]  Defendant recites the standards for an injunction and argues there is "no
legitimate, admissible evidence" that Plaintiff "sustained any actual damages

27  whatsoever as a result of any of the Defendant's actions or inactions.  However,
evidence regarding actual damages is not required for a permanent injunction

28  under the Copyright Act.  *See* 17 U.S.C. § 502(a) ("Any court having jurisdiction
of a civil action arising under this title may, . . . grant temporary and final
injunctions on such terms as it may deem reasonable to prevent or restrain

1   Accordingly, the Court shall issue an amended order finding Plaintiff

2   demonstrates there is an inadequate remedy at law as to Plaintiff's copyright and

3   trademark infringement claims, which favors issuance of a permanent injunction.

4          **(3)    Balance of Hardships**

5          The Court previously found the balance of hardships factor was neutral

6   because any hardship from enjoining Defendant from infringing Plaintiff's

7   copyrights and trademark rights was "irrelevant in determining whether to issue an

8   injunction," but there is no evidence that Plaintiff would suffer hardship absent a

9   permanent injunction because Defendant had "disabled"/"shut" down his website.

10  (Order at 17.)  However, Plaintiff's new evidence regarding Defendant's

11  representations that he is considering relaunching his website demonstrates

12  Plaintiff will suffer hardship absent a permanent injunction.  Accordingly, the

13  Court shall issue an amended order finding the balance of hardships factor weighs

14  in favor of a permanent injunction.

15                            *      *      *

16         Because Plaintiff previously demonstrated a success on the merits and the

17  public interest weighed in favor of an injunction, and now demonstrates based on

18  a change in the law and new facts and evidence that the rebuttable presumption of

19  irreparable harm applies as to its trademark claim, irreparable harm exists as to its

20  copyright infringement claim, an inadequate remedy at law exists, and the balance

21  of hardships weighs in Plaintiff's favor, the Court finds Plaintiff satisfies the

22  requirements for a permanent injunction.  *See eBay, Inc. v. MercExchange, LLC*,

23  547 U.S. at 391.  Accordingly, the Court shall issue an amended order granting

24  Plaintiff's request for a permanent injunction as to its copyright and trademark

25  infringement claims.

26  / / /

27  _____

28  infringement of a copyright.").

**B.     Statutory Damages**

The Court awarded Plaintiff $1,715,000 in statutory damages under the Copyright Act and $400,000 in statutory damages under the Lanham Act for a total of $2,115,000 in statutory damages.  (Order at 19.)  Defendant seeks reconsideration of the statutory damages award in the Order pursuant to Federal Rule of Civil Procedure 59(e).

**(1)     Timeliness**

Plaintiff argues Defendant's Motion for Reconsideration is procedurally improper.  Federal Rule of Civil Procedure 59(e) provides "[a] motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment."  Here, no judgment has been entered, and therefore Defendant's Motion pursuant to Rule 59(e) is premature.  Moreover, while Defendant does not reference Local Rule 7-18 in his motion, Defendant's Motion is titled a "Motion for Reconsideration."  Local Rule 7-18 provides:  "Absent good cause shown, any motion for reconsideration must be filed no later than 14 days after entry of the Order that is the subject of the motion or application."  The Order for which Defendant seeks reconsideration was entered on May 26, 2021.  (Dkt. No. 75.)  However, Defendant did not file his Motion for Reconsideration until June 22, 2021, and Defendant does not demonstrate good cause regarding why his motion for reconsideration was not timely filed.  Therefore, Defendant's Motion for Reconsideration is untimely pursuant to Local Rule 7-18.[6]

**(2)     Actual Harm and Copyright Registration**

As to the merits of Defendant's Motion, Defendant argues the Court should reconsider its statutory damages award because Plaintiff failed to submit evidence of actual damages.  However, the Copyright Infringement Act authorizes a

---

[6] Defendant's Motion for Reconsideration did not include a notice of motion as required by Local Rules 6-1 and 7-4, and Defendant did not attest that the Motion was filed following a conference of counsel as required pursuant to Local Rule 7-3.

copyright owner to "elect, at any time before final judgment is rendered, to recover, instead of actual damages and profits, an award of statutory damages for all infringements involved in the action." 17 U.S.C. § 504(c).  Under the Lanham Act, "the plaintiff may elect, at any time before final judgment is rendered by the trial court, to recover, instead of actual damages and profits, an award of statutory damages in the amount of not less than $1,000 and not more than $100,000 per domain name, as the court considers just." 15 U.S.C. § 1117(c).  Therefore, evidence of actual damages is irrelevant to an award of statutory damages. *See Columbia Pictures Television, Inc. v. Krypton Broad. of Birmingham, Inc.*, 259 F.3d 1186, 1194 (9th Cir. 2001).[7]

Defendant also argues reconsideration of the Court's Order awarding statutory damages is warranted because Nintendo did not timely register its copyrights prior to Defendant's infringement.  However, Defendant offers no evidence regarding Nintendo's purported failure to timely register its copyrights.[8]

Therefore, Defendant fails to demonstrate reconsideration of the Court's Order awarding statutory damages is warranted.

### IV.   CONCLUSION

Accordingly, the Court **GRANTS** Plaintiff's Motion for Reconsideration, and **DENIES** Defendant's Motion for Reconsideration.  An order shall be issued consistent herewith amending the May 26, 2021 Order (Dkt. No. 75) which 1) finds Plaintiff demonstrates the rebuttable presumption of irreparable harm applies, Defendant does not rebut the presumption of irreparable harm, and Plaintiff shows there is an inadequate remedy at law for its trademark infringement claim; 2) finds Plaintiff demonstrates irreparable harm and an

---

[7] Moreover, Plaintiff submitted evidence demonstrating it lost approximately $1,000,000 to $3,000,000 in revenue as a result of Defendant's infringement. (Knudson Decl. ¶ 8; Bell Decl. Ex. 3.)

[8] In connection with Plaintiff's Motion for Summary Judgment, Plaintiff submitted deposition testimony from Defendant who testified he did not dispute that Nintendo owned its copyrights.  (Dkt. No. 75 at 3.)

inadequate remedy at law exists as to its copyright infringement claim; 3) finds Plaintiff demonstrates the balance of hardships weighs in its favor; and 4) grants Plaintiff's request for a permanent injunction under the Lanham Act and the Copyright Act.

**IT IS SO ORDERED.**

DATED:  August 5, 2021.

_____
CONSUELO B. MARSHALL
UNITED STATES DISTRICT JUDGE